**Bromwell PAGAN, et al., Appellants,**

v.

**Rufus HORTON, et al., Appellees.**

**No. 82–621.**

District of Columbia Court of Appeals.

Submitted June 8, 1983.

Decided July 27, 1983.

---

R.K. Millstein, Washington, D.C., was on brief, for appellants.

James E. Joyner, Washington, D.C., was on brief, for appellees.

Before NEWMAN, Chief Judge, TERRY, Associate Judge, and KELLY, Associate Judge, Retired.

TERRY, Associate Judge:

The trial court granted the plaintiffs' motion for summary judgment in an action for breach of contract. After reviewing the record and finding no genuine issue as to any material fact, we hold that the trial court committed no error and affirm the award of summary judgment.

## I

On June 1, 1979, the parties entered into a contract for the sale of appellants' home. On July 2 the parties executed an addendum to the contract which provided:

The undersigned parties hereby agree that in consideration for the Purchasers accepting the roof in "as is" condition, the Seller agrees to credit the Purchasers at time of settlement a sum sufficient to put the roof in satisfactory condition; which sum shall be determined by a written estimate from Madden Roofing Company.

The parties went to settlement on July 31, and on August 2 the Madden Roofing Company prepared an estimate for appellants stating that it would cost $8,085 to fix the roof. The law firm which acted as the settlement officer in the sale was informed of this estimate and withheld $8,085 in an escrow account.

Shortly after settlement, appellees took possession of the property and discovered that the roof leaked. They contacted the Madden Roofing Company to see if it could perform the necessary work but were told that its schedule did not permit it to do so at the time. Fearing that their investment might be damaged unless they acted quickly, appellees entered into a contract with Flood Plumbers, Inc., to have the roof repaired for $8,650.[1] The parties thereafter were unable to agree on how much of the money in the escrow account should be credited to the purchase price under the July 2 addendum, and appellees sued for breach of contract. The trial court granted appellees' motion for summary judgment in the full amount of $8,085.

## II

Under Super.Ct.Civ.R. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and ... affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of demonstrating the absence of a genuine issue of fact is upon the moving party. *Holland v. Hannan,* 456 A.2d 807, 815 (D.C.App.1983); *Himmelfarb v. Greenspoon,* 411 A.2d 979, 983 (D.C.App.1980);

---

1. Flood Plumbers had submitted an estimate to appellees on June 14 for this amount.

*Nader v. de Toledano*, 408 A.2d 31, 42 (D.C. App.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). In this case appellees plainly met that burden.

The July 2 addendum to the sales contract provided that appellees were to receive a credit for "accepting the roof in 'as is' condition" equal to the amount necessary to "put the roof in *satisfactory* condition . . ." (emphasis added). This figure in turn was contingent upon "a written estimate from the Madden Roofing Company." In support of their motion for summary judgment, appellees submitted the affidavit of O. Novarro Madden, the president of Madden Roofing Company, which stated that the roof had been examined, that it was damaged to such an extent that it could not be repaired, and that appellants had been informed by an estimate dated September 4, 1979, that it would cost $8,085 to replace it with a new roof.[2]

■ Appellants argue that the court erred in granting appellees' motion for summary judgment without a hearing because, in their view, there was a major ambiguity in the July 2 addendum which needed to be resolved through the introduction of parol evidence at a hearing. Specifically, appellants maintain that the addendum was ambiguous as to whether a repair job or a new roof was intended by the parties. We find this contention completely without merit.[3]

■ First, on the issue of ruling on the motion for summary judgment without a hearing, Super.Ct.Civ.R. 12–I(i), which deals generally with the subject of motions practice, makes clear that the court in its discretion may decide any motion without a hearing.[4] We see no reason to establish an exception to the rule for summary judgment motions when the rule itself contains no such exception. While hearings are customary on motions for summary judgment, we are unwilling to hold that a hearing is required in every case. *See Spark v. Catholic University,* 167 U.S.App.D.C. 56, 510 F.2d 1277 (1975). Such a holding would ignore the plain language of Rule 12–I(i) and would take away from the trial court the discretion which that rule specifically bestows upon it. In this case, moreover, it appears from the record that the trial court initially scheduled a hearing on the summary judgment motion and that appellants' counsel for some reason was absent. The lack of a hearing is thus attributable, at least in part, to appellants.

■ Second, we cannot say that a hearing might have been desirable, as appellants contend, to resolve an ambiguity in the July 2 addendum to the contract. There was nothing in that addendum that needed amplification or was in any way ambiguous. Appellees were to receive a credit equal to the amount required to put the roof in "satisfactory condition." Appellants expressly agreed to be bound by the estimate provided by the Madden Roofing Company in calculating this amount. It strains common sense, as well as the plain meaning of the addendum, to suggest that the term "satisfactory condition" was limited to patching and mending the old roof. Whatever appellants believed the roof might require to be restored to "satisfactory condition," there is no dispute that it was leaking and that the independent third party which the addendum designated to make the estimate, the Madden Roofing Company, concluded that the roof had to be replaced. We simply do not discern any ambiguity in the addendum which needed to be resolved

2. Appellants asserted that although they never saw the September 4 estimate, they were aware of the earlier estimate by the Madden Roofing Company on August 2 calling for the replacement of the old roof at a cost of $8,085.

3. Appellants' contention that the court's acceptance of the Madden affidavit violated the best evidence rule is frivolous.

4. Rule 12–I(i) provides in pertinent part:
    A party may specifically request an oral hearing . . . but the court in its discretion may decide the motion without a hearing.

by the presentation of parol evidence, or by any other means, at a hearing.

In short, we hold that the trial court did not err either in ruling on appellees' motion for summary judgment without a hearing or in granting the motion. The pleadings before the court, the affidavit of Mr. Madden stating that the roof had been inspected and needed to be replaced, and the unambiguous language of the July 2 addendum demonstrate that there was no genuine issue of material fact and that the award of summary judgment to appellees in the amount of $8,085 was correct as a matter of law.

*Affirmed.*