**WAYNE INSULATION COMPANY, INC., Appellant,**

v.

**HEX CORPORATION, Appellee.**

No. 86–1645.

District of Columbia Court of Appeals.

Argued Nov. 3, 1987.
Decided Dec. 9, 1987.*

John F. Anderson, for appellant.

C.P. Montgomery, Jr., Vienna, Va., for appellee.

Before FERREN, TERRY, and STEADMAN, Associate Judges.

FERREN, Associate Judge:

Wayne Insulation Company, Inc. (Wayne) appeals from a judgment confirming an arbitration award over Wayne's objection that the arbitrator erred in striking ¶ 6 of its response to Hex Corporation's (Hex's) counterclaim. We affirm.

I.

On October 9, 1984, Hex contracted for Wayne to remove asbestos from the residence of Walter Truland for $27,000. Hex paid Wayne $20,000 of the total contract price, but a dispute arose over remaining

---

\* This opinion was released in typed form prior to printing.

contractual obligations. Wayne filed suit in the Circuit Court for Arlington County, Virginia, seeking the unpaid balance from Hex as well as additional sums from Truland for other work. On December 27, 1985, pursuant to a provision in the Wayne–Hex contract, Wayne filed a demand for arbitration with the American Arbitration Association (AAA) seeking the $7,640 it claimed Hex owed under their contract. The Virginia action was stayed pending the outcome of arbitration. On January 15, 1986, Hex filed a letter with the AAA denying that it owed any portion of the $7,640. Hex also filed a counterclaim against Wayne for breach of contract, alleging $75,000 in damages.

Two weeks later, Wayne filed a response to Hex's counterclaim, ¶ 6 of which read:

Hex twice offered payment in full to Wayne upon its claim against Hex of $7,640.00 provided Wayne severely discounted its claim against Truland of $19,282.11 to $9,899.00, to total $17,539.00 and dismiss its Virginia suit. If not agreed to by Wayne, Hex would bring a substantial counterclaim. The action on behalf of Hex was therefore not an offer of compromise and settlement, but an anticipatory breach of contract, as the proposal conditioned payment of an admittedly just claim upon the discount of a separate claim, coupled with threat.

Hex moved to strike this paragraph on the ground that it dealt solely with settlement discussions and that it was "highly *improper* to include in a pleading the contents of those settlement discussions or the amounts of money that may have been discussed." Both parties briefed the issue of admissibility of settlement negotiations and the question whether Hex's alleged remarks constituted admissions. By letter dated March 27, 1986, the arbitrator granted Hex's motion to strike. Two weeks later, the arbitrator held a hearing on Wayne's claim and Hex's counterclaim. Wayne did not seek to introduce evidence as to Hex's alleged admission of liability. On April 30, 1986, the arbitrator denied Wayne's claim and issued an award in favor of Hex in the amount of $57,520.08.

On July 25, 1986, Wayne filed a complaint in the Superior Court seeking to vacate the arbitration award because of the arbitrator's alleged error in striking ¶ 6 of Wayne's response to Hex's counterclaim. On November 4, 1986, Judge Suda held a hearing and confirmed the arbitration award. Wayne appealed, alleging that both the arbitrator's and the trial court's refusals to hear evidence on Hex's alleged admission of liability require vacation of the arbitration award.

## II.

D.C.Code § 16–4311 (a)(4) (1981) requires a reviewing court to vacate an arbitration award where

[t]he arbitrators refused ... to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 16–4315, as to prejudice substantially the rights of a party....

Wayne asserts that this provision, when applied to the arbitrator's striking of ¶ 6, requires vacation of the award in Hex's favor. It is not clear that the arbitrator, by granting the motion to strike ¶ 6, refused to hear evidence concerning any alleged admission by Hex of liability, for striking a portion of the pleadings may not be equatable with refusal to consider evidence under the statute. Wayne's failure to proffer the evidence it wished the arbitrator to consider tends to weaken its assertion that the arbitrator refused to hear the evidence. Even if we assume, however, that the arbitrator refused to consider the evidence pertaining to the allegations in ¶ 6, that refusal does not warrant vacating the award pursuant to § 16–4311(a)(4).

 For exclusion of evidence to provide the basis for vacating an award under that subsection, the evidence must be "material." The information in ¶ 6 does not meet that test. Contrary to Wayne's contention, the references to Hex in ¶ 6 can be reasonably construed only as a conditional offer in the course of settlement negotiations. Nothing in ¶ 6 can reasonably be taken to suggest an express admission of liability distinct from the rest of the negotiation process, as Wayne asserts. *See United Securities Corp. v. Franklin*, 180 A.2d 505, 509 (D.C.Mun.App.1962); *City of Richmond v. A.H. Ewing's Sons, Inc.*, 201

Va. 862, 869–70, 114 S.E.2d 608, 613 (1960). As presented in ¶ 6—Hex "offered payment ... *provided* Wayne discount its claim against Truland ... and dismiss its Virginia suit" (emphasis added)—there is no admission.

 Wayne argues that the later allegation of an "admittedly just claim" in the same paragraph indicates an unconditional admission of liability by Hex. We disagree. The paragraph is ambiguous as to whether this language refers to Hex's words or to Wayne's own characterization of them. In any event, even if we were to grant Wayne's interpretation, there is no support in the pleading for Wayne's assertion that such an admission was independent of the settlement bargaining process. Such offers to compromise are not admissible. *Pyne v. Jamaica Nutrition Holdings, Ltd.,* 497 A.2d 118, 126–27 (D.C.1985); FED.R.EVID. 408.[1] In addition, statements made by a party during settlement negotiations should be excluded to encourage unfettered dialogue in negotiations, so as to further the underlying policy favoring out-of-court settlement of disputes. *Pyne,* 497 A.2d at 128. Thus, if Hex's alleged statement was an offer to compromise or even a separate statement made during a compromise negotiation, it was not admissible. Furthermore, even if that statement were susceptible to Wayne's characterization as an admission of fact, timely objection precluded "admission of fact or evidence produced by a party during settlement negotiations, which establishes liability." *Id.* Although the arbitrator is not bound by the legal rules of evidence, Rule 31, CONSTRUCTION INDUSTRY ARBITRATION RULES, he is free to conform to them. We perceive no error in his doing so here.

Wayne argues, in effect, that its own pleading, at best an ambiguous one, should have been construed in its favor with the help of an evidentiary hearing before the arbitrator. We disagree. The arbitrator is like a judge, *Burchell v. Marsh,* 58 U.S. (17 How.) 344, 349, 15 L.Ed. 96 (1854); *Marceron v. Chevy Chase Services, Inc.,* 103 U.S.App.D.C. 303, 306, 258 F.2d 155, 158 (1958), and thus is not required to grant a hearing on allegations that the pleading itself does not clearly set forth. *Cf. Pagan v. Horton,* 464 A.2d 146, 148 (D.C.1983) ("court in its discretion may decide any motion without a hearing," citing Super.Ct.Civ.R. 12–I(i)). In order to have a reasonable hope for a hearing, therefore, Wayne was obliged to allege unequivocally that Hex's alleged admission was altogether independent of settlement talk; otherwise, the motion to strike would be easily granted as a matter of law. Wayne failed to do so.

The trial court, in conducting a hearing on a motion to vacate an arbitration award, acts not as a second arbitrator but, in effect, as an appellate tribunal with a limited scope of review. *See Sindler v. Batleman,* 416 A.2d 238, 242 (D.C.1980); *Revere Copper & Brass, Inc. v. Overseas Private Investment Corp.,* 202 U.S.App. D.C. 81, 83–84, 628 F.2d 81, 83–84, *cert. denied,* 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980) (Federal Arbitration Act). Its task in this case was to decide, on the basis of the record, whether the arbitrator acted outside the scope of his authority in striking ¶ 6. *See Sindler,* 416 A.2d at 242. Thus, Judge Suda did not err in sustaining the arbitrator without taking testimony on the issue of an alleged admission as set forth in ¶ 6.

*Affirmed.*

---

1. FED.R.EVID. 408 states in pertinent part:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Although this jurisdiction has not adopted the Federal Rules of Evidence, this court noted in *Pyne v. Jamaica Nutrition Holdings, Ltd.,* 497 A.2d 118 (D.C.1985) that Rule 408 " 'is basically consistent with the District of Columbia law.' " *Id.* at 128 n. 12 (quoting S. GRAAE, DISTRICT OF COLUMBIA STATUTORY AND CASE LAW ANNOTATED TO THE FEDERAL RULES OF EVIDENCE ¶ 4.37 (1976)).