**STATE**

v.

**James A. HOBSON.**

No. 93–70–C.A.

Supreme Court of Rhode Island.

Oct. 28, 1994.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Robert B. Mann, Mann & Mitchell, Providence, for defendant.

## OPINION

WEISBERGER, Acting Chief Justice.

This case comes before us on an appeal by the State of Rhode Island from an order of the Superior Court suppressing statements made by the defendant, James A. Hobson (Hobson), to members of the Narragansett police department on July 31, 1991. In substance, the motion justice held that the defendant had not received an adequate *Miranda* warning at his home but that even if he had received an adequate warning, it should have been repeated when he arrived at the police station approximately twenty minutes afterward.

The principal thrust of the state's appeal is the assertion that at the time defendant made these statements, he was not under arrest or in police custody, and therefore, no *Miranda* admonitions were required. The motion justice did not make a finding concerning whether defendant was in custody either at his home or at the police station. We reverse the order of suppression and remand the case to the Superior Court for further proceedings. The facts of the case insofar as pertinent to this appeal are as follows.

On July 31, 1991, officers of the Narragansett police department came to Hobson's home in order to serve a search warrant issued by a justice of the Superior Court permitting them to search for pornographic materials. The validity of the search warrant has not been questioned.

The officers knocked at the door of defendant's residence at about 8 p.m. After determining that no one was at home, the officers opened the door, utilizing force, and entered the dwelling. They proceeded with their search until approximately 10 p.m. when defendant arrived with his girlfriend, Darlene Strom (Strom). At this point the search had been in progress for nearly two hours. The defendant and Strom were either asked or instructed to enter the house and sit on the couch. Hobson was given a copy of the search warrant and told to review it. Sergeant Vincent T. Carlone (Carlone), in the course of conversing with defendant, gave to him certain *Miranda* admonitions, which according to his direct testimony were as follows:

> "I said that he had the right to remain silent. Anything he said can and will be used against him in a Court of law. That he had the right to the presence of an attorney prior to and during any questioning. That if he could not afford an attorney, one would be provided for him at no cost. I then asked him if he understood. He said, yes, he did. I then asked him if he agreed to discuss this with me and he said yes, nodding his head."

Just prior to giving these admonitions, Carlone asked defendant and Strom if they were willing to come to the police station to discuss the matter further. He further told defendant that some allegations had been made by certain children about sexual molestation and that he was named. It was at this point that he advised defendant of the *Miranda* rights set forth above. Strom expressed a willingness to go to the station and was given a ride by one of the patrol officers. The defendant drove to the police station and arrived about fifteen or twenty minutes after the police had left his home.

After arriving at the station and waiting for about five minutes, defendant was directed to Carlone's office. Carlone advised defendant that he was not under arrest. The defendant does not recall being so advised.

Carlone then questioned defendant concerning the commission of some sexual acts with three children named in the search warrant. The defendant admitted that he had had some sexual contact with one of the children but not with the other two.

At this point Carlone expressed a desire to take a written statement and presented defendant with a so-called rights form. This form set forth the following admonitions:

"1. I do not have to give a statement.

"2. I have the right to remain silent.

"3. Anything I say can and will be used against me in a court of law.

"4. I have the right to the presence of an attorney prior to and during any questioning by the police.

"5. I have the right to the presence of an attorney during a lineup or confrontation of witnesses, if any lineup or such confrontation takes place.

"6. If I cannot afford an attorney, one will be appointed for me prior to any questioning, if I so desire.

"7. After having been informed of my constitutional rights, I do understand these rights, and I agree to give a statement at this time.

"8. I do not want an attorney called or appointed for me at this time."

The form was signed by James Hobson. Thereafter, defendant gave a written statement admitting sexual contact with one of the children, including oral sexual contact.

On cross-examination the question was raised concerning the adequacy of the oral admonitions given at defendant's home. Specifically Carlone was questioned concerning whether he had advised defendant that he was entitled to the presence of an attorney prior to any questioning. The motion justice held that he had some doubt about whether the oral admonition was complete and also held that it should have been repeated at the police station prior to any discussion. As earlier indicated, the motion justice did not make any specific finding in respect to custody.

Carlone was explicit in stating that he had repeatedly advised defendant that he was not under arrest. It is undisputed that subsequent to the taking of the written statement, defendant was allowed to leave the station and did drive away in his own motor vehicle.

■ Both the Supreme Court of the United States and this court have repeatedly held that the requirement of *Miranda* warnings must be triggered by two elements. Those elements are custody and interrogation. *State v. Caruolo*, 524 A.2d 575 (R.I.1987). In *Caruolo* we pointed out in detail the numerous cases in which the Supreme Court had enunciated these principles. We observed that the *Miranda* requirements depend upon the conjunction of two elements, custody and interrogation:

"By its own terms the rule applies only when interrogation occurs within the coercive atmosphere of police custody. [*Miranda v. Arizona*, 384 U.S.] at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 707 [ (1966) ]; see *Minnesota v. Murphy*, 465 U.S. 420, 430, 104 S.Ct. 1136, 1144, 79 L.Ed.2d 409, 421 (1984) (*Miranda* warnings inapplicable to questioning in noncustodial settings); *Beckwith v. United States*, 425 U.S. 341, 346, 96 S.Ct. 1612, 1616, 48 L.Ed.2d 1, 7 (1976) (custodial nature of interrogation triggers need for *Miranda* warnings). Although a certain degree of coerciveness inheres in any police interrogation of a person suspected of a crime simply because of the aura of authority surrounding the interrogating officer, custody as contemplated by *Miranda* does not exist merely because the interrogation occurs at a police station or because the interrogated person is suspected of a crime or is the focus of a police investigation. *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714, 719 (1977); *Beckwith*, 425 U.S. at 347, 96 S.Ct. at 1616, 48 L.Ed.2d at 8. Nor does it necessarily exist when the interrogating officer consciously seeks incriminating evidence. *Murphy*, 465 U.S. at 428, 431, 104 S.Ct. at 1142, 1144, 79 L.Ed.2d at 419, 422. Rather the decisive test for determining whether a person is in custody for purposes of receiving *Miranda* warnings is whether the person is formally arrested or whether the person's freedom of movement is restricted to the degree associated with formal arrest. *California v. Beheler*, 463 U.S. 1121,

1125, 103 S.Ct. 3517, 3519, 77 L.Ed.2d 1275, 1279 (1983). Absent a formal arrest the determination of whether a person is subjected to restraints comparable to those associated with a formal arrest turns on how a reasonable person in the suspect's position would understand the situation. *Berkemer v. McCarty,* 468 U.S. 420, 422, 104 S.Ct. 3138, 3152, 82 L.Ed.2d 317, 336 (1984)." *Caruolo,* 524 A.2d at 579.

These principles were reaffirmed last term in *State v. Marini,* 638 A.2d 507, 511 (R.I. 1994). It is obvious from the foregoing cases that the adequacy of *Miranda* warnings may only become significant when a finding has been made about custody. The defendant argues in his brief that the state did not preserve the issue of custody in the course of the suppression hearing. With this contention we must disagree.

An examination of the transcript indicates that on several occasions counsel for the state did raise the issue of custody. Arguably he did not raise this issue as forcefully as he might have done, but we believe that he did raise it sufficiently to preserve the issue on appeal.

■ The question of custody was not determined by the motion justice, but an examination of the transcript indicates that the uncontradicted testimony of Carlone was that in effect he had repeatedly advised both defendant and Strom that they were not under arrest. The defendant also admitted that he drove his own vehicle to the police station and that he had not been required to come at any particular time. He admitted that the conduct of Carlone was not at all coercive and that his attitude was generally friendly. He was invited to give his side of the story, if he so desired. He was not placed under any restraints, nor were any incidents of a formal arrest discernible at any time. We cannot derive from the record of the proceedings before the motion justice that there was any basis upon which the trier of fact might determine that a reasonable, innocent person would conclude that he was either required to go to the police station or that he could not leave if he wished to do so. Therefore, we are constrained to conclude that at no time either in his own dwelling or at the police station was defendant in custody. Although this determination would be sufficient

to overrule the suppression of defendant's written statement, we feel impelled to address the adequacy of the *Miranda* warnings briefly.

■ Both on direct and cross-examination Carlone testified with clarity that he gave at the dwelling a classic *Miranda* admonition. He further testified that defendant responded that he understood the *Miranda* warnings but nevertheless was willing to discuss the allegations with Carlone at the police station.

Although a somewhat confusing cross-examination resulted in Carlone's making certain replies that were inconsistent with his clear testimony, there can be no doubt that prior to giving a written statement, defendant read and signed a *Miranda* form that clearly set forth all rights constitutionally required by *Miranda* itself and by subsequent cases. The motion justice interrogated Carlone to some extent concerning the admonition in regard to counsel being appointed at a lineup. Although included on the rights form, the lineup question was clearly irrelevant to the issues relating to the statement. Even defendant himself did not deny that he was advised that he had the right to remain silent, that he had the right to counsel, and that anything he said might be used against him, as Carlone had testified. He simply did not remember specifically whether such admonitions had been given.

■ Although on a motion for suppression the findings of fact of the trial justice are given great weight, *State v. Collins,* 543 A.2d 641 (R.I.1988), this deference could not apply to the lack of finding in respect to custody; and in this case great weight may not be given to the motion justice's finding in respect to the adequacy of the *Miranda* warnings since he overlooked and misconceived the clear and undisputed evidence regarding the nature of the *Miranda* warnings. Although the burden of proof of adequate warnings rests on the state, which must show by clear and convincing evidence that the necessary admonitions have been given, we are of the opinion in the case at bar that the motion justice overlooked or misconceived the classic warnings both oral and written that had been given prior to the taking of the written statement. Thus we find that the motion justice's determination that the warn-

ings were inadequate and that the oral warnings given at the dwelling house were required to be repeated orally at the police station was clearly erroneous. *See Duckworth v. Eagan,* 492 U.S. 195, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989), wherein the Court observed that in passing upon *Miranda* warnings,

> "[r]eviewing courts therefore need not examine *Miranda* warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably 'convey to [a suspect] his rights as required by *Miranda.*'" *Id.* at 203, 109 S.Ct. at 2880, 106 L.Ed.2d at 177.

Reviewing the record as a whole, we are of the opinion that the motion justice clearly erred in finding as a fact and determining as a matter of law that the warnings given by Carlone, both oral and written, were inadequate.

For the reasons stated, the state's appeal is hereby sustained. The order suppressing the confession is reversed. The papers in the case may be remanded to the Superior Court for further proceedings.