## STATE

### v.

### Robert ZMAYEFSKI.

No. 95–463–C.A.

Supreme Court of Rhode Island.

March 13, 1996.

Annie Goldberg, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

## ORDER

This case came before the Supreme Court on March 1, 1996, pursuant to an order that directed the state to show cause why the issues raised in its appeal should not be summarily decided. The state has appealed from a Superior Court order that granted the motion made by the defendant Robert Zmayefski to suppress his statement to police, made immediately following his arrest.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

On September 9, 1991, defendant was charged by information with breaking and entering a dwelling house, possession of marijuana, and resisting arrest. Prior to trial, defendant moved to suppress certain evidence, including a statement that he made to police immediately after his arrest. After hearing testimony from the arresting officers and defendant, the trial justice ruled that the arrest was lawful and expressed no doubt that defendant had been given the *Miranda* warnings. The trial justice further noted, however, that the testimony of all parties indicated that a substantial altercation had transpired between the officers and defendant at the time of arrest and that defendant was apprehended "in concert with a substantial and violent struggle." The trial justice found that defendant could not have understood and appreciated his constitutional rights against self-incrimination and could not have voluntarily and intelligently waived those rights under these circumstances. Consequently, the trial justice granted defendant's motion to suppress his statement, and the state filed the instant appeal, pursuant to G.L. 1956 (1985 Reenactment) § 9–24–32.

This Court has held that in determining whether a defendant has waived his *Miranda* rights, it would look to the totality of the circumstances surrounding the interrogation. *State v. Leuthavone*, 640 A.2d 515 (R.I.1994). The state argued that, in the present case, the trial justice never concluded that, based on the totality of the circumstances, defendant did not waive his *Miranda* rights. Rather, it was the state's position that the trial justice erred in finding that defendant could not have made a knowing, voluntary, and intelligent waiver of his rights under the circumstances of his arrest.

In reviewing a decision on a motion to suppress, this Court gives great weight to the trial justice's findings and will not overturn the decision unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Leuthavone*, 640 A.2d at 518.

Our examination of the record revealed that the trial justice adequately considered the totality of the circumstances surrounding defendant's arrest and interrogation. Furthermore, our own careful review of the circumstances in this case have led us to conclude that the trial justice neither overlooked or misconceived material evidence, nor was his decision to suppress otherwise clearly wrong.

Consequently, we deny and dismiss the appeal, and affirm the judgment of the Superior Court to which we remand the papers in this case.