William F. KEOGH

v.

Elliot TAUBMAN et al.

No. 95–595–Appeal.

Supreme Court of Rhode Island.

Feb. 17, 1997.

John S. Pfarr, Providence.

John P. Gyrogy, Edward H. Newman, Westerly.

**ORDER**

The defendant, Elliot Taubman (Taubman), appeals from a Superior Court order awarding attorney's fees to his codefendant, Robert LaPlante (LaPlante), in connection with LaPlante's efforts to extricate himself from an order granting Taubman's motion for summary judgment against him. LaPlante cross-appeals from the trial justice's order refusing to award him the additional attorney's fees he incurred in prosecuting his attorney's-fees motion.

Taubman filed a motion for summary judgment against LaPlante, seeking to be indemnified in connection with an arbitration award obtained by plaintiff, William F. Keogh, against Taubman. Unfortunately Taubman filed his motion against LaPlante without having previously asserted a cross-claim for indemnification. Thus Taubman had no claim pending against LaPlante, much less a claim that could support a summary-judgment motion.

To make matters worse, LaPlante was out of state when Taubman served his motion, and he therefore failed to receive and review the motion in time to object. As a result the motion was granted. Ultimately LaPlante hired counsel to vacate the summary judgment. In addition a Superior Court justice, after hearing testimony and receiving evidence, granted LaPlante's motion to have Taubman pay the legal fees he incurred in getting out from under the summary judgment.

We directed the parties to appear before us to show cause why the issues raised in this appeal should not be decided without further briefing and argument. Having reviewed their submissions and listened to their arguments, we conclude that cause has not been shown and proceed to determine the merits of this appeal.

At the hearing on LaPlante's motion for attorney's fees, Taubman's lawyer argued that the filing of the summary-judgment motion was an innocent mistake because his client wrongly assumed that he had filed a cross-claim against LaPlante. However, by the end of the hearing Taubman's counsel abandoned this "innocent mistake" defense and conceded that "my brother is entitled to some fees in this matter" and that "Mr. Taubman has to go ahead and pay a certain amount of what's reasonable." Accordingly Taubman cannot resuscitate on appeal his waived objection to LaPlante's entitlement to attorney's fees. *See Mine Creek Contractors, Inc. v. Grandstaff*, 300 Ark. 516, 780 S.W.2d 543, 544 (1989) ("conceding a point before the trial court precludes a claim of error on appeal"); *see also Montecalvo v. Mandarelli*, 682 A.2d 918, 926 (R.I.1996) ("[i]t is well settled that this court will consider on appeal only those issues that have been properly raised and presented at trial"). In any event such an objection would be unavailing even if Taubman had not waived it below.

First, Taubman failed to provide us with a complete transcript of the hearings on this motion, and we are therefore unable to review the reasons why the court granted it. The motion for attorney's fees was initially heard on May 15, 1995, and was continued until July 14, 1995. However, we have only been provided with a transcript of the July 14, 1995 hearing. There the trial justice said, "I'm pretty clear that I did rule [on May 15, 1995] that attorney's fees were appropriate in this case." Having failed to provide us with a transcript of the earlier hearing, Taubman is not now entitled to have us rule on the alleged impropriety of the attorney's-fees ruling. *See, e.g., May v. Penn T.V. & Furniture Co., Inc.*, 686 A.2d 95, 97–98 (R.I.1996).

Second, under G.L. 1956 § 9–29–21, "[t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." The statute goes on to indicate that if a motion is signed in violation of the rule, the court may impose upon the signer an appropriate sanction that may include the amount of the reasonable expenses, including attorney's fees, that were incurred because of the improper motion. Because Taubman failed to provide us with all the pertinent portions of the record, we are unable to determine whether this statute was cited to, or relied upon, by the court in awarding attorney's fees to LaPlante. Nonetheless, it is well settled that we can affirm a trial justice's ruling on grounds other than those expressly relied upon by the trial justice. *E.g., Thibodeau v. Metropolitan Property and Liability Insurance Co.,* 682 A.2d 474, 475 (R.I.1996). Here, because reasonable inquiry would have revealed that a summary-judgment motion could not have been properly filed,[1] § 9–29–21 affords us an additional basis to uphold the trial justice's award.

Taubman also claims that the award of attorney's fees was excessive in that LaPlante's lawyer spent too much time correcting the mistaken entry of summary judgment. After hearing somewhat conflicting evidence from both sides on this point, the trial justice determined that both the hourly rate charged and the time spent by LaPlante's lawyer were reasonable. Thus the trial justice awarded $2,674.76 in attorney's fees. We are unable to conclude that the trial justice abused her discretion in doing so.

The trial justice also denied LaPlante's request for reimbursement of the additional attorney's fees he incurred because of the various continuances and additional court hearings on the attorney's-fee motion, all of which, he argued, were attributable to Taubman. However, because evidence and arguments were presented that suggested otherwise, the trial justice did not abuse her discretion in denying this aspect of LaPlante's request.

Accordingly we deny and dismiss Taubman's and LaPlante's appeals and affirm the order below awarding attorney's fees to LaPlante.

WEISBERGER, C.J., did not participate.

---

1. Rule 56(a) of the *Superior Court Rules of Civil Procedure* provides that "[a] party seeking to recover upon a * * * cross-claim" may move for summary judgment. Here, however, there was no cross-claim.