STATE

v.

**Michael J. BERTRAND.**

No. 95–632–C.A.

Supreme Court of Rhode Island.

May 12, 1997.

Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

## ORDER

The defendant, Michael J. Bertrand, appeals from a judgment convicting him of assaulting his six-week-old son with a dangerous weapon (the defendant's hands). For his crime the defendant was sentenced to twenty years (ten years to serve, ten years suspended with probation). On appeal the defendant argues that the trial justice erred (1) in denying his pretrial motion to suppress the statements he made to the police and (2) in permitting three physicians to testify that his son was a battered child.[1] Because we are not convinced that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong in denying the defendant's suppression motion, *see State v. Zmayefski,* 672 A.2d 466, 467 (R.I.1996), we affirm the judgment.

It is undisputed that defendant voluntarily went to the police station for questioning and that he was not then under arrest. The defendant asserts, however, that at his interrogation "the police swore at him, twisted his words, treated him in [such] an intimidating manner" that "he felt that he was not free to leave" and that he was thus in their custody. The trial justice, however, exercised his prerogative and credited the testimony of an interrogating detective to find that, contrary to defendant's version, there was "no oppressive atmosphere" during the interrogation and that it was not custodial.[2] As such, no *Miranda* warning was necessary. *See State v. Hobson,* 648 A.2d 1369, 1371 (R.I.1994) ("the *Miranda* requirements depend upon the conjunction of two elements, custody and interrogation").

Nonetheless, defendant was informed of his *Miranda* rights, understood their import, and waived them, as is reflected in a written form that he signed. The defendant still argues that his motion to suppress should have been granted because he was not advised of his right to cease answering questions and because, while in "custodial interrogation," the police ignored his request for an attorney. First, defendant was not entitled to be advised specifically that he could cease answering questions. *See Hobson,* 648 A.2d at 1371–72 (characterizing a *Miranda* form that lacked such a warning and was otherwise substantially identical to that signed by the defendant herein as "clearly set[ting] forth all rights constitutionally required"). Second, the alleged "request for an attorney" never materialized. The defendant's statement "If you're going to keep twisting my words around, I want a lawyer"—followed by his turning around and refusing to answer questions for a short time—was insufficient to require the police to terminate their questioning. *See State v. Sabetta,* 680 A.2d 927, 932 (R.I.1996) ("[i]f a suspect makes a statement that is equivocal or ambiguous in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents and those of the United States Supreme Court do not require the cessation of questioning"). Indeed, defendant admitted that his statement was meant as a warning to the police that if they were going to continue twisting his words he was going to ask for a lawyer in the interview. He further admitted that he never requested

---

1. Pursuant to Rule 16(i) of the Supreme Court Rules of Appellate Procedure, the defendant appeared before us to show cause why the issues raised in his appeal should not be summarily decided. After reviewing the parties' memoranda and considering their arguments, we conclude that cause has not been shown and that the appeal can be decided at this time.

2. The defendant's father, who was a friend of one of the interrogating detectives, was present at the station and remained just outside the room where defendant was answering the detectives' questions. At no time during the questioning did defendant ask for his father to be present or state that he wished to meet with his father privately.

an attorney after stating his warning and that he never said he wanted to stop the interrogation.

Finally, because the defendant conceded during his closing argument that his son had been physically abused, we do not believe that his claims of error regarding the admission of expert testimony to that effect are tenable. *See Keogh v. Taubman,* 689 A.2d 1066, 1066 (R.I.1997) (having made a concession before the trial court, appellant was precluded from claiming error on that point on appeal).

For these reasons the defendant's appeal is denied and dismissed.