### In re AMANDA M.

### No. 97–23–Appeal.

Supreme Court of Rhode Island.

Feb. 20, 1998.

Anthony E. Angeli, Jr., Thomas J. Corrigan, Jr., Providence; Frank P. Iacono, Jr.

Paula Rosin, Janice Weisfeld, Providence.

### ORDER

This case came before the Supreme Court on January 22, 1998, pursuant to an order directing all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the issues will be decided at this time.

In this case, the respondent-mother appeals from a Family Court decree terminating her parental rights to her daughter, Amanda. Amanda was born on April 25, 1987. While enrolled in the head start program in Massachusetts, Amanda revealed that she had been sexually abused by her stepfather.

In 1991, the mother moved Amanda, and her younger sibling Frederick, to Rhode Island. The stepfather was ultimately prosecuted and convicted for the sexual abuse offense. In Rhode Island, Amanda continued in the head start program and also received counseling for the trauma resulting from the sexual abuse at the hands of her stepfather. During this counseling, Amanda revealed that her mother had known about the sexual abuse perpetrated by the stepfather, yet did nothing to protect her daughter. In response to these allegations, the counselor notified the Department of Children, Youth, and Families (DCYF). In turn, on July 17, 1991, DCYF filed a petition for dependency and neglect regarding Amanda. On October 11, 1991, Amanda's mother admitted to dependency. Thereafter, Amanda was committed to the care, custody, and control of DCYF, placement remaining with her mother.

In 1991, the mother voluntarily placed Amanda with her godparents because the mother was having difficulty with her health during a pregnancy. During this separation, DCYF evaluated the family's plight and instituted case plans designed to reunify Amanda with her mother.

In October of 1992, Amanda disclosed that she had also been sexually molested by her maternal grandfather and that both her mother and her maternal grandmother were aware of this abuse. Despite Amanda's complaints, however, neither woman took action to protect the child. On the contrary, Amanda was told by one or both of them simply to defend herself if her grandfather ever tried to molest her again. Furthermore, despite a court order enjoining the mother from allowing any contact between the maternal grandfather and Amanda's two younger siblings, the mother permitted daily phone contact between the parties.

Based on the alarming conduct of the mother in refusing to address Amanda's allegations of sexual abuse by her maternal grandfather, and her failure to develop the necessary parenting skills to protect and nurture Amanda, DCYF filed a petition on September 27, 1993, to terminate the mother's parental rights to Amanda. Following a lengthy hearing, that petition was granted on June 13, 1996. On July 3, 1996, the trial justice entered a written decree terminating the mother's parental rights to Amanda. The respondent-mother now appeals.

When reviewing the termination of parental rights, this court shall examine the record to determine whether there is legally competent evidence to support the trial justice's findings. *See In re Crystal A.*, 476 A.2d 1030, 1033 (R.I.1984). It is well settled that the findings of a trial justice sitting without a

jury are entitled to great weight and will not be disturbed by this court on appeal unless they are clearly wrong or the trial justice misconceived or overlooked material evidence. *See In re Armand,* 433 A.2d 957, 962 (R.I.1981).

In this case, the trial justice carefully applied the then pertinent statutory guidelines prescribed by G.L. 1956 § 15–7–7(1)(c) and (1)(d).[1] Further, the trial justice found that mother was provided with more than adequate services designed to reunify her with Amanda and that Amanda would not be able to return to her mother's care within any reasonable period of time. These findings are well supported by the evidence.

Amanda is now ten years old and has not seen her mother since she was six. Amanda has resided with her godparents for the majority of her life, and, according to expert trial testimony, she is in the process of forming a bond with them. Since Amanda's separation from her mother, the young girl has shown improved academic and social development. Amanda's weight has increased to a healthier level and both her appearance and hygiene have improved. Most importantly, Amanda feels safe with her new family. These factors weigh heavily in favor of termination being in the best interest of the child. *See In re Kristen B.,* 558 A.2d 200 (R.I.1989).

Finally, a careful review of the record demonstrates that the mother continues to demonstrate below normal cognitive abilities that make it impossible for her to adequately care for Amanda. Additionally, the mother demonstrates an inherent inability to successfully meet the responsibilities of parenting. More ominously, the mother currently resides with the maternal grandfather whom Amanda has accused of sexual molestation. To return a young girl to such an unhealthy environment would be patently contrary to her physical and psychological needs. Though these reasons differ from those articulated below, it is well settled that this court can affirm a trial justice's ruling on grounds other than those expressly relied upon by a trial justice. *See Keogh v. Taubman,* 689 A.2d 1066, 1067 (R.I.1997).

For these reasons, the appeal of the respondent-mother is denied and dismissed. The decree of termination appealed from is affirmed and this case is remanded to the Family Court.

BOURCIER, J., did not participate.

---

1. Pursuant to § 15–7–7(1)(c) and (1)(d), the child must be in the placement of a licensed or governmental child-placement agency for a period of at least six-months and/or abandoned with a lack of communication or contact with the parent for a period of at least six-months. In 1994, § 15–7–7(1)(c) was amended by P.L. 1994, ch. 194, § 1, which raised the period a child must be in the legal custody or care of DCYF to twelve-months. However, since the record indicates that Amanda had been in the legal custody of DCYF for a period exceeding twelve-months, we do not find the amended version to be of any consequence in this case.