## Joder Building Corporation v. Leroy and Martha Lewis

[569 A.2d 471]

No. 87-332

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed November 9, 1989

*Jeremy Dworkin,* South Londonderry, for Plaintiff-Appellee.

*Timothy Martin* of *Carroll, George & Pratt,* Rutland, for Defendants-Appellants.

**Dooley, J.** This is an action to confirm an arbitration award for plaintiff, the contractor in a construction contract dispute. Over objections by the defendants, homeowners, that they had not signed a statutorily required acknowledgement of arbitration and were improperly denied a continuance by the arbitrators, the Rutland Superior Court confirmed the arbitration award and entered judgment for plaintiff. We affirm the judgment for plaintiff.

The parties entered into a contract under which plaintiff was to provide materials and perform certain work at defendants' home in Landgrove, Vermont. In the course of construction, a dispute arose between the parties, and defendants refused to pay funds allegedly owed to plaintiff. Defendants alleged that plaintiff's design was defective and some of the work done was of poor quality.

On April 8, 1986, the parties agreed to submit their dispute to arbitration by the American Arbitration Association (AAA). The agreement outlined that the proceeding would be governed by certain rules of the AAA and stated plaintiff's claim, totaling $30,453 plus interest, and defendants' counterclaim totaling $41,785. Above the signatures, the agreement stated as follows:

> We agree that we will abide by and perform any Award rendered hereunder and that a judgment may be entered upon the Award. Arbitration shall be binding and unappealable

Problems developed in selecting arbitrators and scheduling the hearings. Potential arbitrators chosen by the parties proved to be unavailable. The AAA finally chose three arbitrators in October, 1986. By that time, defendants had increased their counterclaim by $21,500 for damages caused by plaintiff in abandoning the job prior to completion.

In November, the AAA set the arbitration hearing for December 29th and 30th. Thereafter, AAA informed the parties that one of the arbitrators could not attend on December 29th and 30th. Defendants' counsel responded by insisting on "three qualified arbitrators" and advised that his client had found additional substandard work. He stated that the cost to correct this new substandard work would not be determined until the Spring of 1987 and went on to say: "Consequently, my client will not proceed with the arbitration on December 29 and 30 and requests a postponement for an indefinite period of time."

AAA replaced the arbitrator who could not attend the December dates and submitted the request for a postponement to the new panel. The motion for postponement was denied on December 23, and the hearing went forward without defendants' participation. On January 12, 1987, defendants attempted to

"rescind their agreement to arbitrate." On January 16, the arbitrators transmitted an award dated December 29th. It awarded plaintiff $27,289 plus interest and fees and found, based on the evidence, that plaintiff performed labor and delivered material in a workman-like manner.

When plaintiff moved in the superior court to confirm the award, defendants resisted, claiming for the first time that they never signed the acknowledgement required by 12 V.S.A. § 5652(b); that the arbitrators' failure to postpone the hearing prevented confirmation of the award under 12 V.S.A. § 5677(a)(4); and that the procedure used by the arbitrators also prevented confirmation. Based on cross-motions for summary judgment, the trial court ruled that the statement in the agreement above the signature was sufficient to meet the statutory requirement for an acknowledgement; that the arbitrators properly denied a postponement; and that the defendants waived objections to any other procedural irregularities. Defendants have appealed only the first two of these holdings.

The first issue involves the statutory requirement for an acknowledgement contained in 12 V.S.A. § 5652(b) as follows:

> (b) Required provision. No agreement to arbitrate is enforceable unless accompanied by or containing a written acknowledgement of arbitration signed by each of the parties or their representatives. When contained in the same document as the agreement to arbitrate, that acknowledgement shall be displayed prominently. The acknowledgement shall provide substantially as follows:
>
> "ACKNOWLEDGEMENT OF ARBITRATION.
>
> I understand that (this agreement/my agreement with _____ of _____) contains an agreement to arbitrate. After signing (this/that) document, I understand that I will not be able to bring a lawsuit concerning any dispute that may arise which is covered by the arbitration agreement, unless it involves a question of constitutional or civil rights. Instead, I agree to submit any such dispute to an impartial arbitrator."

Although Vermont has adopted the Uniform Arbitration Act, 7 U.L.A. 4 (1978), this provision was added to the Uniform Act in the Vermont version.

We cannot agree with the trial court that the sentence in the arbitration agreement quoted *supra* in this opinion "substantially" embodies the statutory acknowledgement as required by § 5652(b). Most important, it fails to state clearly that signing the agreement forecloses any court remedies concerning any dispute that arises which is covered by the arbitration agreement, except as to constitutional or civil rights. We do not believe that laymen would necessarily derive this principle from the statements in the agreement that "judgment *may* be entered upon the award" (emphasis added) and that the arbitration is "binding and unappealable."

We also do not believe that the statement in the agreement, even if it contained the proper content, was "displayed prominently" as required by § 5652(b). A part of the statement is in the smallest type used on the agreement. The rest was typed in. No part of the statement is in bold face or is underlined and no part is oversized.

Although we cannot accept the ground relied upon by the trial court, we find another ground to affirm on this issue. See *Curran v. Marcille*, 152 Vt. 247, 249, 565 A.2d 1362, 1363 (1989) (Court may sustain trial court on any legal ground even though trial court based its decision on another ground). The acknowledgement provision specifies that the arbitration agreement is not "enforceable" without the acknowledgement. See 12 V.S.A. § 5652(b). A later section of the Act specifies that where a court finds "there was no arbitration agreement," it shall vacate the arbitration award as long as the party seeking relief "did not participate in the arbitration hearing without raising the objection." 12 V.S.A. § 5677(a)(5). Since the effect of making an arbitration agreement not enforceable is equal to a finding that there was no arbitration agreement, we believe that § 5677(a)(5) on vacating awards applies to claims that there was a violation of the acknowledgement provision in § 5652(b). The effect of applying § 5677(a)(5) is to make clear that one cannot participate in the arbitration hearing, without raising a defect

in the acknowledgement, and then on receiving an unfavorable result challenge the award by raising the acknowledgement issue for the first time in court. See *Hot Springs County School District v. Strube Construction Co.*, 715 P.2d 540, 546 (Wyo. 1986). This waiver rule is consistent with our "strong tradition of upholding arbitration awards whenever possible." *R.E. Bean Construction Co. v. Middlebury Assoc.*, 139 Vt. 200, 204, 428 A.2d 306, 309 (1980). Further, it helps ensure that arbitration is, in fact, an alternative dispute mechanism rather than "another expensive and time consuming layer to the already complex litigation process." *Id.* at 204–05, 428 A.2d at 309.

It is undisputed that defendants failed to raise the issue of the acknowledgement before the arbitrators. Their reason for not attending the hearing was the refusal of the arbitrators to give them a postponement. Following the hearing, defendants sought to rescind their agreement because the AAA did not provide a reasonable opportunity to prepare and present evidence and unreasonably declined the request for a continuance. The motion to vacate the award, filed on February 12, 1987, specified only that the arbitrators violated 12 V.S.A. § 5677(a)(4), primarily because of the denial of the continuance. The acknowledgement issue was first raised as an afterthought in a memorandum in support of defendants' motion of March 26, 1987* to dismiss the motion to confirm the award.

■■ There remains to consider only whether defendants participated in the arbitration proceeding sufficiently to trigger the waiver rule. On this point, we note that defendants fully participated in the arbitration proceeding up until the time that their request for postponement was denied. In fact, defendants submitted a counterclaim and sought a monetary award in their favor. Further, their refusal to appear at the hearing cannot be taken as an objection to arbitration as the proper method of resolving the dispute. Under AAA Rule 30, the arbitration may proceed in the absence of a party or lawyer and the opposing party must put on such evidence as the arbitrators deem neces-

---

* The plaintiff has not questioned the timeliness of this motion, and we assume it to be timely.

sary to make an award. Thus, failure to appear at the hearing does not trigger a default and may, in fact, not result in an award against the nonappearing party depending on how the arbitrators view the evidence.

We believe that the defendants participated sufficiently to cause a waiver of their right to object to the lack of an enforceable agreement unless they raised this point before the arbitrators. A number of considerations lead to this conclusion. It is important that any objections to arbitration jurisdiction be raised at the earliest possible moment to allow that issue to be addressed and resolved before the parties expend significant time and resources trying the case. See *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.*, 109 Ill. App. 2d 224, 229, 248 N.E.2d 289, 291 (1969). The Uniform Arbitration Act offers a party who challenges arbitration jurisdiction broad pre-arbitration judicial remedies. See 12 V.S.A. § 5674(b) (§ 2(b) of the Uniform Arbitration Act). Therefore, the waiver rule can and should require a party to contest the presence of a valid arbitration agreement early in the proceedings.

In this case, defendants' failure to attend the evidentiary hearing before the arbitrators was not based on any attack on arbitration jurisdiction. Defendants freely and willingly submitted this case to arbitration. Thus, we cannot equate nonappearance at the arbitration hearing, for a totally different reason, with nonparticipation for purposes of the waiver rule. See *Jaffe v. Nocera*, 493 A.2d 1003, 1010 n.8 (D.C. App. 1985). In support of this conclusion, we note that decisions have generally required that objections to arbitrability made before the arbitrators raise the specific grounds raised before the court in order to avoid a waiver. See, e.g., *Hot Springs County School Dist. v. Strube Construction Co.*, 715 P.2d at 546; *American Motorists Ins. Co. v. Llanes*, 396 Mich. 113, 114, 240 N.W.2d 203, 204 (1976) (per curiam).

Finally, we are reluctant to reward defendants' conduct in this case. Instead of pursuing the motion for a continuance before the arbitrators and putting on as much of a case as possible, reserving the continuance issue for court review, defendants simply refused to appear. Plaintiff and the arbitra-

tors were left with no option to resolve the scheduling issue and had to go forward with the evidence. We would encourage such conduct by defendants if we rewarded their nonappearance by allowing them to raise a defect in the arbitration agreement for the first time in court where they could not have done so if they had appeared for the arbitration hearing.

■ For the above reasons, we hold that defendants participated in the arbitration hearing sufficiently to require them to raise defects in the agreement before the arbitrators to avoid a waiver. Since they failed to raise the defect they now rely on here, their claim is waived.

■ The second issue on appeal is whether the failure of the arbitrators to grant the requested continuance prevents confirmation of the award. Our statute has a specific provision on this issue, requiring the court to vacate an arbitration award where "the arbitrators refused to postpone the hearing after being shown sufficient cause to do so." 12 V.S.A. § 5677(a)(4). The trial court found that defendants did not show sufficient cause in this case. In keeping with our tradition of upholding arbitration awards where possible, Vermont courts necessarily have a limited scope of review of arbitration proceedings. See *Matzen Construction, Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 177, 565 A.2d 1320, 1322 (1989). In *Matzen*, we reviewed a claim that the arbitrators failed to consider material evidence, a claim governed by another clause of the same subsection of the Arbitration Act that governs this case. See 12 V.S.A. § 5677(a)(4) (award must be vacated if the arbitrators "refused to hear evidence material to the controversy"). We held that we must give arbitrators "great flexibility" in determining the admissibility of evidence and that under that standard, the evidence in question in *Matzen* was properly excluded. *Matzen Construction, Inc.*, 152 Vt. at 178–79, 565 A.2d at 1323. Similarly here, we believe that we must accord the arbitrators great flexibility in determining postponement requests. This limited standard of review is similar to that used by other courts. See, e.g., *Capozio v. American Arbitration Ass'n*, 490 A.2d 611, 615 (D.C. App. 1985); *Two Sisters, Inc. v. Gosch & Co.*, 171 Conn. 493, 499, 370 A.2d 1020, 1023 (1976); see also Blutrich

& Cuomo, *The Discretion of Arbitrators to Grant or Deny Adjournments*, 38 The Arbitration Journal, Dec. 1983 at 36, 37 ("courts, in practice, will bend over backwards to uphold an arbitration award and to uphold the arbitrators' decision to deny an adjournment request where *any* reasonable grounds for such denial can be established").

▮ In this case, the sole ground for the continuance request was that defendants had "discovered additional substandard work, the cost to correct of which will not be determined until the Spring of 1987." There was no description of the substandard work or why the damages could not be determined. There was no limit on the continuance request or suggestion that defendants would ever be ready to go forward. Under AAA Rule 26, the power over continuances clearly resided in the arbitrators; defendants had no automatic right to a continuance. The very brief and cryptic request would not be sufficient to obtain a continuance in the courts of this state. See V.R.C.P. 40(c), (d); *Kokoletsos v. Frank Babcock & Son, Inc.*, 149 Vt. 33, 35–36, 538 A.2d 178, 180 (1987). The arbitrators were entitled to make an independent review of the nature of the missing evidence, its necessity and alternatives to a total postponement. The letter did not allow them that review. Thus, using our limited standard of review, we do not find that the arbitrators were "shown sufficient cause" for a postponement.

For the above reasons, the arbitration award was properly confirmed.

*Affirmed.*