**MONTPELIER BOARD OF SCHOOL COMMISSIONERS v. MONTPELIER EDUCATION ASSOCIATION**

[702 A.2d 390]

No. 96-510

July 30, 1997. The Montpelier Board of School Commissioners appeals from a superior court decision that upheld an arbitrator's decision and award in favor of the Montpelier Education Association, the teachers' union. The arbitrator found that the Board violated both a collective bargaining agreement and a prior grievance settlement by not renewing Robert Sargent's teaching contract. The superior court denied the Board's application to vacate the arbitration award. We affirm.

In 1990, the Board hired Robert Sargent to teach eighth grade science at the Montpelier Middle School. During 1992-1993, the school principal observed Sargent, evaluated him as "needs improvement," and required him to establish a plan for improving his performance. The union responded by filing a grievance on behalf of Sargent, and the parties reached a settlement in the fall of 1993 under which the superintendent changed Sargent's evaluation to "satisfactory" and eliminated the requirement that he improve. During the 1993-1994 school year, the superintendent observed Sargent, evaluated him "unsatisfactory," and recommended to the Board that his contract

not be renewed for 1994-1995. The union filed a second grievance on behalf of Sargent, and under the collective bargaining agreement, the parties went to arbitration.

The parties submitted the following question to the arbitrator: "Did the school district violate the Master Agreement when it did not renew the Grievant teacher's contract for the 1994-1995 school year? And if so, what shall the remedy be?" The arbitrator concluded that the district violated the agreement, citing two flaws in the 1993-1994 evaluation process: (1) the superintendent should not have evaluated Sargent because, under the collective bargaining agreement, only the principal, associate principal, or department leader could evaluate teachers; and (2) requiring Sargent to improve over the previous year's performance violated the terms of the fall 1993 settlement. The arbitrator ordered the Board to reinstate Sargent and provide him with back pay. Pursuant to 12 V.S.A. § 5677(a), the Board applied to the superior court to vacate the arbitration award. The court denied the application, and the Board appeals.

Generally, we will uphold an arbitrator's award whenever possible. *In re Robinson/Keir Partnership*, 154 Vt. 50, 53, 573 A.2d 1188, 1189 (1990). Review of an arbitrator's decision is limited. *Id.* at 53, 573 A.2d at 1190. Our task is not to review the decision for errors of fact or law, *Muzzy v. Chevrolet Div., General Motors Corp.*, 153 Vt. 179, 184, 571 A.2d 609, 612 (1989); rather, it is to ensure that the parties have been afforded due process. *Matzen Constr., Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 177, 565 A.2d 1320, 1322 (1989).

The Board claims that the arbitrator exceeded his authority by relying on procedural issues, and therefore, the court must vacate the award. See 12 V.S.A. § 5677(a)(3) (court shall vacate award where arbitrator exceeded powers). The

Board first argues that the evaluation process was not within the scope of the question submitted to the arbitrator; rather, the question covered only the substantive issue of Sargent's performance as a teacher. Second, the Board argues that the arbitrator exceeded his authority by addressing the evaluation procedure because the union failed to grieve these issues when they first arose. According to the Board, the union waived any challenge to the superintendent conducting the observations and evaluation because it failed to file a grievance within thirty days of the first observation. In addition, it maintains that the union was required to file a grievance within thirty days after the teacher received the superintendent's letter in October 1993 indicating that failure to improve could result in a nonrenewal.

In response, the union contends that the Board is precluded from objecting to the arbitrator's consideration of the procedural issues because it failed to object before the arbitrator. Indeed, the Board failed to challenge the scope of the question or the timeliness of grievances before the Board. "It is important that any objections to arbitration jurisdiction be raised at the earliest possible moment to allow that issue to be addressed and resolved before the parties expend significant time and resources trying the case." *Joder Bldg. Corp. v. Lewis*, 153 Vt. 115, 121, 569 A.2d 471, 474 (1989). A party who participates in an arbitration proceeding without raising a procedural objection cannot raise that objection for the first time in court. *Id.* at 119-20, 569 A.2d at 473. The Board concedes that it did not object during arbitration to consideration of procedural issues. It claims that it could not have objected until the arbitrator issued his decision relying on procedural grounds because it did not know that the arbitrator would rely on procedural grounds. According to the Board, § 5677(a)(3) expressly covers this situa-

tion and allows it to raise a jurisdictional challenge for the first time before the superior court.

For purposes of this decision, we assume that a claim that the arbitrator decided issues beyond the scope of the question is jurisdictional and may be raised for the first time in court. We interpret questions submitted to arbitrators "as broadly as possible in order to quickly and economically resolve disputes." *In re Robinson/Keir*, 154 Vt. at 55, 573 A.2d at 1190-91. Thus, we generally resolve disputes about the scope of such questions to favor coverage. *Id.* at 55, 573 A.2d at 1191. The question in this case was, "Did the school district violate the Master Agreement when it did not renew the Grievant teacher's contract for the 1994-1995 school year?" The Board maintains that the question "by its express terms, related to the substantive 'just and sufficient cause' determination" the Board made to not renew the contract. On the contrary, however, the question says nothing about "just and sufficient cause" but refers to violating the Master Agreement. Evaluation procedures are covered by the agreement. Thus, the procedural violations upon which the arbitrator relied were expressly within the scope of the question.

The Board's second claim — that the union failed to file timely grievances concerning the evaluation procedure — is merely an error of law or fact and does not show that the arbitrator exceeded his powers. See *Cape Elizabeth Sch. Bd. v. Cape Elizabeth Teachers Ass'n*, 459 A.2d 166, 174 (Me. 1983) (if arbitrator erred in deciding board lacked just cause for dismissal, such error cannot serve to vacate award for exceeding power); *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5*, 558 A.2d 163, 165 (Pa. Commw. Ct. 1989) (arbitrator determined that procedural error could be considered in evaluating whether "just cause" for dismissal existed; such definition of "just

cause" amounts, at most, to mere error of law, which does not warrant reversal). This second claim is, therefore, not a jurisdictional claim and cannot be raised for the first time in court. Jurisdictional error requires an exercise of power clearly outside the agreement of the parties. No such error occurred here as evaluation procedures were covered by the parties' agreement. The Board even introduced evidence that fair procedures were followed to support its just-cause claim.

*Affirmed.*

Motion for reargument denied September 3, 1997.