NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 12

No. 2017-224

| | |
|---|---|
| Lesley Adams, William Adams and Adams Construction VT, LLC | Supreme Court |
| | |
| v. | On Appeal from Superior Court, Lamoille Unit, Civil Division |
| | |
| Russell D. Barr and Barr & Associates, P.C. d/b/a Barr Law Group | November Term, 2017 |

Thomas Z. Carlson, J.

Richard Cassidy of Rich Cassidy Law, South Burlington, and Michael Palmer, Middlebury, for Plaintiffs-Appellants.

Chandler W. Matson, Stowe, for Defendants-Appellees.


PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Wesley, Supr. J. (Ret.), Specially Assigned


¶ 1. **ROBINSON, J.** The critical question in this case is whether a party who participates extensively and without objection in an arbitration proceeding for nearly seven months prior to the actual arbitration hearing waives an objection to the validity of the arbitration agreement. Lesley Adams, William Adams, and Adams Construction VT, LLC (collectively Adams Construction) appeal the trial court's denial of their application to vacate an arbitration award in favor of Russell Barr and the Barr Law Group (collectively Barr Law Group) and against Adams Construction. Because we conclude that Adams Construction waived its challenge to the validity of the arbitration agreement, we affirm.

¶ 2.      The procedural history of this case is not disputed.[1]  On February 24, 2016, Barr Law Group filed a demand for arbitration against Adams Construction with the American Arbitration Association claiming that Adams Construction had failed to pay Barr Law Group more than $40,000 in fees for legal services.  On March 8, 2016, Adams Construction filed an answer denying all claims and counterclaimed for $97,000, alleging various breaches by Barr Law Group. Both parties actively participated in the arbitrator selection process, submitting their objections and preferred arbitrators.  Both parties participated in preliminary conferences.  Barr Law Group requested a one-day hearing for its claims on the merits; Adams Construction requested three.  The arbitrator scheduled the matter for a three-day hearing.

¶ 3.      Over the next five months, the parties engaged in reciprocal discovery and motions practice.  Adams Construction served over thirty discovery requests on Barr Law Group, and responded to sixty discovery requests from Barr Law Group, followed by at least two sets of supplemental responses to a substantial number of questions.  Barr Law Group served its own discovery requests on Adams Construction and responded to Adams Construction's requests.  In addition, Adams Construction conducted an in-person inspection of records held by Barr Law Group at the Barr Law Group offices.  Both parties filed motions and responses relating to discovery disputes and Barr Law Group's multiple requests to dismiss Adams Construction's counterclaims for lack of evidence.  And they both participated in at least one telephonic case management conference during which the arbitrator ruled on various pending discovery and procedural matters.

¶ 4.      On October 4, 2016, one week before the beginning of the scheduled three-day hearing, Adams Construction filed an objection to arbitration and a motion to dismiss the

---

[1] Some of the procedural history was presented to the trial court by way of assertion, rather than affidavit or record evidence.  However, neither party has substantially challenged the history set forth above.  We note the factual assertions that are disputed.

arbitration proceeding. Adams Construction argued, for the first time, that the arbitration provision in Adams Construction's fee agreement with Barr Law Group was unenforceable. Adams Construction cited legal authority from Vermont and across the country suggesting that an attorney's fiduciary duty and ethical obligations require that the lawyer take certain steps to ensure that a client's consent to a pre-dispute, binding arbitration agreement is fully informed. These steps may include fully disclosing the risks of binding, pre-dispute arbitration clauses, identifying the legal rights a client forgoes in signing such an agreement, and giving the client a chance to consult with independent counsel before signing the agreement. Adams Construction alleged that nobody from Barr Law Group explained the legal implications of the arbitration agreement to Mr. or Ms. Adams before or after they signed it, or advised them to get independent legal advice before signing the fee agreement.[2] Nor did Barr Law Group explain to Adams Construction that the Vermont Bar Association provides a free arbitration service for resolution of attorney-client fee disputes. For these reasons, Adams Construction contended that the arbitration agreement was invalid and sought dismissal of the arbitration proceeding.

¶ 5. With respect to the delay in raising the issue, Adams Construction, which had no counsel of record through the arbitration proceeding, indicated that it only learned of this legal basis for objecting to the arbitration shortly before it made the objection.

¶ 6. The arbitrator denied Adams Construction's motion at the beginning of the hearing. After several days of hearings, in a January 2017 order, the arbitrator awarded Barr Law Group the full measure of fees that it sought, plus interest; dismissed all of Adams Construction's counterclaims, which the arbitrator found to be unsupported by the evidence; and ordered Adams

---

[2] Barr Law Group disputes Adams Construction's allegations concerning the circumstances surrounding execution of the fee agreement. These disputes are not germane to our resolution of this appeal, which does not turn on the merits of the claim that the arbitration agreement is unenforceable.

Construction to pay half of Barr Law Group's legal fees on the ground that Adams Construction pursued its counterclaims in bad faith.

¶ 7.    In February 2017, Adams Construction filed a timely application in the superior court to vacate the arbitration award, reiterating its argument that the pre-dispute arbitration clause that gave rise to the arbitration proceeding was invalid and unenforceable because Barr Law Group violated its fiduciary and ethical duties in securing the agreement, and fraudulently induced Adams Construction's agreement.  In its opposition to the application, the Barr Law Group reviewed the course of the arbitration proceedings, attached copies of arbitration pleadings, and argued that by actively participating in the arbitration proceedings for many months, and pursuing its counterclaims, Adams Construction waived any objection to the arbitration proceedings.  The trial court agreed, concluding that Adams Construction's active participation in the arbitration proceeding for months before their last-minute objection, and then continuing through four days of hearings, constituted a waiver of Adams Construction's challenges to the validity of the arbitration agreement.

¶ 8.    On appeal, Adams Construction focuses much of its argument on the merits, and its argument that because Barr Law Group induced Adams Construction to enter into the fee agreement with a pre-dispute, mandatory arbitration provision fraudulently and in violation of its fiduciary and ethical duties, the arbitration provision is unenforceable.  With respect to the waiver question, Adams Construction relies on the language of the Vermont Arbitration Act, as well as policy considerations.  Specifically, Adams Construction emphasizes that Vermont's Arbitration Act allows a court to vacate an arbitration award where there was no actual arbitration agreement if "the party did not participate in the arbitration hearing without raising the objection." 12 V.S.A. § 5677(a)(5).  Pursuant to Vermont's statute, Adams Construction argues that as long as a party raises an objection to the validity of the arbitration agreement before the arbitration hearing, the objection is preserved, and that a contrary rule would be inconsistent with the statutory language,

4

vague, and difficult to apply. We review the legal question of whether a court may conclude that a party has waived an objection to the enforceability of an arbitration agreement if the party makes the objection before the arbitration hearing without deference to the trial court. Garbitelli v. Town of Brookfield, 2011 VT 122, ¶ 5, 191 Vt. 76, 38 A.3d 1133.

¶ 9. Our analysis of the waiver issue turns on the language of the Vermont Arbitration Act, this Court's established caselaw involving waiver of objections to arbitration, and persuasive authority from other jurisdictions. Although we acknowledge that these sources send mixed signals, we conclude that on facts such as these—where a party files counterclaims, chooses an arbitrator, engages in extensive reciprocal discovery over a period of five months, participates in several prehearing conferences, makes a specific request as to the amount of time needed for the hearing, and engages in motion practice—that party may be deemed to have waived an objection to the validity of an arbitration agreement even if the party ultimately raises the objection before the commencement of the actual arbitration hearing.[3]

¶ 10. Adams Construction finds its strongest support in specific language of the Vermont Arbitration Act. In particular, the provision governing the authority of courts to vacate arbitration

---

[3] We note that our decision does not rely on Adams Construction's participation in the arbitration hearing after filing the objection. Courts have generally held that where a timely objection is made as to whether a claim is subject to arbitration, the issue is preserved even if the objecting party participates in the arbitration proceeding. See, e.g., Opals on Ice Lingerie v. Body Lines Inc., 320 F.3d 362, 368 (2d Cir. 2003) (recognizing that "if a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration," but concluding that party in this case had not waived by participating because it objected repeatedly and timely to the arbitration); Ahluwalia v. QFA Royalties, LLC, 226 P.3d 1093, 1098 (Colo. App. 2009) ("If . . . the party clearly and explicitly reserves the right to object to arbitrability, participation in the arbitration does not preclude the party from subsequently challenging the arbitrator's authority in court."); Duemer v. Edward T. Joyce and Assocs., P.C., 2013 IL App (1st) 120687, ¶ 50 ("Where a timely objection is made, the issue may be judicially reviewed even if the objecting party participates in the arbitration proceeding."); see also E.L. Grossman, Annotation, Participation in Arbitration Proceedings as Waiver of Objections to Arbitrability in State Law, 56 A.L.R. 5th 757 § 4 (1998) (collecting cases holding that participation in arbitration proceedings following timely objection to arbitrability does not give rise to waiver of objection).

awards provides in relevant part: "Upon application of a party to confirm, modify or vacate an award, the court shall vacate an award where . . . a court has found that there was no arbitration agreement and the party did not participate in the arbitration hearing without raising the objection." 12 V.S.A. § 5677(a)(5). This language suggests that a party may object to the existence (or validity) of an arbitration agreement at any time throughout the arbitration proceeding until the arbitration hearing itself. Compare id. § 5674(b) (referring to "arbitration proceeding"), with id. § 5677(a)(5) (referring to party's participation in arbitration hearing).

¶ 11. Barr Law Group, on the other hand, draws inspiration from this Court's discussion in Joder Building Corp. v. Lewis, 153 Vt. 115, 569 A.2d 471 (1989). In Joder Building Corp., a contractor and homeowner submitted their construction contract dispute to arbitration. The parties encountered some problems identifying available arbitrators, and their claims continued to evolve as the arbitration hearing approached. Because the homeowner claimed he had found additional substandard work and would not be able to determine the costs to correct the work for several months, the homeowner sought a postponement of the scheduled arbitration hearing. The arbitration panel refused and held the hearing without the homeowner's participation. When the contractor moved in the superior court to confirm the award, the homeowner resisted and claimed for the first time that they never signed the statutorily required acknowledgment in the arbitration agreement. On appeal, this Court concluded that the arbitration agreement did, in fact, fall short of the statutory requirements. Id. at 119, 569 A.2d at 473.

¶ 12. However, we declined to vacate the arbitration order because the homeowner had not timely raised the objection. Citing 12 V.S.A. § 5677(a)(5), this Court considered "whether defendants participated in the arbitration proceeding sufficiently to trigger the waiver rule." Id. at 120, 569 A.2d at 474. We explained our conclusion that they did:

> We believe that the defendants participated sufficiently to cause a waiver of their right to object to the lack of an enforceable agreement unless they raised this point before the arbitrators. A

6

> number of considerations lead to this conclusion. It is important that any objections to arbitration jurisdiction be raised at the earliest possible moment to allow that issue to be addressed and resolved before the parties expend significant time and resources trying the case. The Uniform Arbitration Act offers a party who challenges arbitration jurisdiction broad pre-arbitration judicial remedies. Therefore, the waiver rule can and should require a party to contest the presence of a valid arbitration agreement early in the proceedings.

Id. at 121, 569 A.2d at 474 (citations omitted). Joder Building Corp. is not determinative of this case because the homeowner in Joder Building Corp. did not challenge the enforceability of the arbitration agreement until after the arbitration order was issued. But the broad language of the opinion suggests a reluctance to allow a party to raise threshold objections to the validity of the arbitration proceeding itself only after substantial participation in that proceeding.

¶ 13. We find some support for this broader view in decisions from other jurisdictions, but there appears to be no clear consensus on the question of whether a party can waive the ability to challenge the validity of an arbitration agreement by conduct prior to the arbitration hearing and, if so, when a party's participation crosses the line.

¶ 14. A number of courts have concluded that participation in an arbitration proceeding without promptly objecting to the arbitration proceeding itself may amount to a waiver even short of an arbitration hearing. For example, the Wisconsin Court of Appeals considered a case in which a party objected to arbitration and contended that his agreement to arbitrate was procured by fraud, misrepresentation, and coercion. Pilgrim Inv. Corp. v. Reed, 457 N.W.2d 544 (Wis. Ct. App. 1990). Because Reed's attorney initially failed to cooperate in the appointment of a third arbitrator after Pilgrim initiated arbitration, Pilgrim filed suit to compel cooperation and arbitration. At that point, Reed's counsel cooperated in the selection of a third arbitrator, and Reed paid Pilgrim $500 for its attorney's fees in consideration of Pilgrim's agreement to discontinue its court proceeding to compel Reed to cooperate in the naming of a third arbitrator. Two months later, nearly three months after Pilgrim initiated the lawsuit to compel cooperation, Reed for the first time claimed

7

that the arbitration agreement was procured by fraud, misrepresentation, and coercion. Upon Pilgrim's petition, the trial court issued an order compelling arbitration. The appeals court considered whether Reed's participation in the arbitration proceeding without objection estopped him from challenging the arbitration agreement. Acknowledging a split in authority, the court concluded:

> [A]bsent a reservation of rights, "partial participation" in the arbitration process can serve to estop a party from challenging the arbitration agreement. Even though an arbitration process has not proceeded to a hearing on the merits, substantial time, money and effort in preparation may well have been invested in the undertaking. Absent a reservation of objection to the arbitration process, when one party participates in preliminary arbitration procedures preparatory to the hearing on the merits, that party is signaling to the other side that full participation in the process is intended.

Id. at 548. Considering the steps Pilgrim took in reliance on Reed's apparent acceptance of the arbitration agreement, and the course of the parties' dealings, the court concluded that Reed was estopped from objecting to the arbitration agreement. Id.

¶ 15. Other courts have likewise invoked waiver or estoppel principles to preclude challenges to arbitration agreements raised after some participation in the proceedings, but before the actual arbitration hearing. See Reed v. Mut. Serv. Corp., 131 Cal. Rptr. 2d 524, 533-34 (Ct. App. 2003) (rejecting as waived challenge to conscionability of arbitration provision imposing six-year limitation on claims in case where arbitration award dismissing claims with prejudice was issued without hearing, and where challenger failed to address unconscionability claim when initiating arbitration or in response to a motion to dismiss arbitration); First Health Grp. Corp. v. Ruddick, 911 N.E.2d 1201, 1210 (Ill. App. Ct. 2009) ("To preserve for judicial review the issue of whether a claim was subject to arbitration, a party must object to the arbitration proceedings in a timely manner. An objection should occur at the earliest possible moment to save the time and expense of a possibly unwarranted arbitration. A party must object to the arbitrability of a claim

8

no later than the filing of the answer." (quotations and citations omitted)); Allstate Ins. Co. v. Khait, 643 N.Y.S.2d 163 (App. Div. 1996) (holding that "[b]y actively participating in the selection of the arbitrators and in adjourning the arbitration hearing without any reservation of rights" party "participated in arbitration proceeding" and thereby waived statutory right to stay of arbitration). But see Borg, Inc. v. Morris Middle Sch. Dist. No. 54, 278 N.E.2d 818, 820-21 (Ill. App. Ct. 1972) (holding that school district not estopped from raising question of agreement to arbitrate where school district filed answer to arbitration demand and counterclaim and participated in selection of arbitrators before raising objection); Dachtera v. Whitehouse, 609 N.W.2d 248, 250 (Minn. 2000) (rejecting argument that parties waived right to object to arbitration by not filing declaratory judgment until arbitration had progressed through payment of filing fees and selection of arbitrator, where parties filed action before arbitration hearing).

¶ 16.    We are persuaded by our own reasoning in Joder Building Corporation, as well as by those courts that have concluded that at some point prior to the actual arbitration hearing a party who participates in an arbitration proceeding without objecting to the validity of the arbitration agreement may waive the ability to make that objection. As the Minnesota Court of Appeals explained, "A person objecting to arbitration must timely raise the objection so a party seeking arbitration can make an informed choice whether to pursue arbitration with the risk that the dispute would be found nonarbitrable or to abandon arbitration and pursue other remedies." Helmerichs v. Bank of Minneapolis & Trust Co., 349 N.W.2d 326, 328 (Minn. Ct. App. 1984). We need not locate the line in this case, or define with precision the range of the trial court's discretion; in this case, Adams Construction's participation in the selection of arbitrators, filing of an answer and counterclaims, and active participation in extensive discovery and motion practice over a period of nearly six months was more than sufficient to give rise to a waiver. Our requirement of timely objections to arbitration jurisdiction was designed to avoid unnecessary investments in time and resources of exactly these types. Joder Bldg Corp., 151 Vt. at 121, 569 A.2d at 474. For that

9

reason, we decline to reach the merits of Adams Construction's challenge to the validity of the arbitration agreement, and affirm the trial court's denial of Adams Construction's application to vacate the arbitration order.

Affirmed.

FOR THE COURT:

_____
Associate Justice