## Matzen Construction, Inc. v. The Leander Anderson Corporation

[565 A.2d 1320]

No. 87-249

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 21, 1989

*Frederick G. Cleveland* and *F. Richard Decatur, Jr.* (Of Counsel) of *McKee, Giuliani & Cleveland,* Montpelier, for Plaintiff-Appellant.

*Ronald E. Oliveira* and *Michael E. MacDonald* (Of Counsel) of *Cain, Hibbard, Myers & Clark,* Pittsfield, Massachusetts, for Defendant-Appellee.

**Peck, J.** Plaintiff, Matzen Construction, Inc., appeals from the Washington Superior Court's confirmation of an arbitration award on a construction contract, entered in favor of defendant, Leander Anderson Corporation. We affirm.

Plaintiff entered into a contract with United McGill Corporation (McGill) to construct a "pre-engineered" building on the McGill property. Thereafter, plaintiff subcontracted with defendant, under the terms of which the latter agreed

to erect the building. The subcontract included an arbitration clause.

During the course of construction McGill experienced a series of difficulties with the defendant's crews at the job site. These problems culminated in serious damage to the partially completed roof during a windstorm on the night of December 22, 1984, which both plaintiff and McGill attributed to the failure of defendant's workmen to properly complete the seams of the roof before leaving work that day. McGill demanded that plaintiff terminate the subcontract and it did so, giving immediate oral notice, followed by written notice a few days later.

McGill brought an action against defendant on January 7, 1985, in Bennington Superior Court, and obtained a temporary restraining order that same day preventing defendant's crew from entering the property. On January 16, 1985, a preliminary injunction was granted on the same basis. McGill obtained a default judgment on the merits against defendant for compensatory and punitive damages on February 22, 1985. Defendant filed an appeal from the default judgment in McGill's action, but the matter was settled and dismissed with prejudice by stipulation of the parties.

Meanwhile, plaintiff completed the job with its own personnel in May of 1985. Defendant demanded arbitration with plaintiff, claiming wrongful termination and monies due on the contract. The latter counterclaimed, and hearings were held over several days in late 1985. On December 3, 1985, the last day of the arbitration hearing, plaintiff sought to introduce certain documents from the Bennington Superior Court action, arguing that the arbitrators were bound by a Vermont court order "affecting the same transaction directly on point and constituting a direct adjudication of responsibilities." The arbitrators declined to take this evidence, ruling that it was not relevant and noting that if it had been at all relevant or pertinent it should have been offered earlier. In their decision, issued without findings in early January, 1986, the arbitrators awarded defendant $40,000 and split the costs of the arbitration between plaintiff and defendant. Plaintiff applied to the Washington Superior Court to vacate the award pursuant to 12 V.S.A. § 5677(a)(4), alleging that the arbitrators refused to hear material evidence. The trial court denied

the motion and confirmed the award. This appeal was brought pursuant to 12 V.S.A. § 5681(a)(3).

■ "Vermont has a strong tradition of upholding arbitration awards whenever possible." *R. E. Bean Constr. Co. v. Middlebury Assoc.*, 139 Vt. 200, 204, 428 A.2d 306, 309 (1980). The trial court should not act as a second arbitrator, "but, in effect, as an appellate tribunal with a limited scope of review." *Wayne Insulation Co. v. Hex Corp.*, 534 A.2d 1279, 1281 (D.C. 1987). The court should not "reweigh the evidence presented to the arbitrator or subject the merits of the controversy to judicial review." *City of Fairbanks Mun. Util. Sys. v. Lees*, 705 P.2d 457, 461 (Alaska 1985). The scope of the trial court's review is limited to ensuring that the arbitration proceedings fall within the boundaries of due process. *Id.*

■ Therefore, the court shall confirm the award unless grounds are established to vacate or modify it. 12 V.S.A. §§ 5676, 5677, 5678; see *McLeroy v. Waller*, 21 Ark. App. 292, 295, 731 S.W.2d 789, 791 (1987) ("[u]nless the illegality of the decision appears on the face of the award, courts will not interfere"). Plaintiff alleges two grounds for vacating the award: that the award to defendant was precluded by res judicata, and that the arbitrators "refused to hear evidence material to the controversy ... so as to prejudice substantially the rights of a party." 12 V.S.A. § 5677(a)(4).

On the res judicata claim, the trial court found that the McGill litigation was never tried on its merits but instead resulted in a default judgment which was later dismissed, with prejudice, as part of the parties' settlement agreement. That agreement is not part of the record on appeal and, therefore, we are unable to determine what claims defendant may be collaterally estopped from asserting or what issues may be settled by it. Cf. *Ouellette v. International Paper Co.*, 602 F. Supp. 264, 274 (D. Vt.) (terms of settlement contract preserved rights of persons not party to the contract), *aff'd*, 776 F.2d 55 (2d Cir. 1985), *modified on other grounds*, 479 U.S. 481 (1987).

Plaintiff urged the arbitrators to consider the default judgment and the pleadings as res judicata on the issue of defendant's fault. But the prior litigation does not, as plaintiff claimed, decide the responsibilities and actions of these parties under the contract. Because the matter was resolved through

a settlement agreement, no defenses were waived nor admissions made that would have a res judicata effect. See generally 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4419 (1981). No hearing was held on the merits and no final order issued; the settlement pertained to execution of a default judgment. Furthermore, as noted by the trial court, plaintiff was not a party to that action. See *Miller v. A. N. Deringer, Inc.*, 146 Vt. 59, 60, 498 A.2d 501, 502 (1985) (judgments not appealed are conclusive upon the parties); *Davis v. Saab Scania of America, Inc.*, 133 Vt. 317, 320, 339 A.2d 456, 458 (1975) (res judicata applies where there is substantial identity of parties and substantially same cause of action).

■ The trial court properly found that the McGill action did not control the outcome of the arbitration by res judicata. See Wright, Miller & Cooper, *supra*, § 4417, at 148 (issue preclusion applies only when the same issue has been decided in one case and arises in another); *Hughes v. Salo*, 203 Mont. 52, 59–61, 659 P.2d 270, 274 (1983) (stipulated dismissal with prejudice of an enforcement action did not constitute judgment on the merits); see also *Burd, Inc. v. Stoneville Furniture Co.*, 134 Ill. App. 3d 149, 152, 479 N.E.2d 962, 964 (1985) (right to arbitrate not waived by lawsuit unless the merits of arbitrable issues are judicially litigated).

■■ On its claim that the arbitrators failed to consider material evidence, plaintiff must prove both materiality and substantial prejudice resulting. 12 V.S.A. § 5677(a)(4); see *In re Estate of Laitinen*, 145 Vt. 153, 158, 483 A.2d 265, 268 (1984); *R. E. Bean Constr. Co. v. Middlebury Assoc.*, 142 Vt. 1, 7, 451 A.2d 1096, 1100 (1982) (offer of proof must be specific and concrete, and must indicate for what purposes the evidence is offered). In general, "great flexibility" is afforded arbitrators to determine admissibility, and the exclusion of evidence will not be grounds to vacate unless critical evidence is completely omitted. *City of Fairbanks*, 705 P.2d at 461. Moreover, this Court will uphold the trial court's review of the relevance of the evidence absent abuse of discretion. See *Bradley v. Buck*, 131 Vt. 368, 371, 306 A.2d 98, 101 (1973) ("Except for the extremes of relevance where the probative value of evidence is either so slight as to require exclusion as

a matter of law or so strong as to require admission as a matter of law, questions of remoteness are largely within the discretion of the trial court.").

Plaintiff fails to demonstrate how fault pertains to the theory of breach or damages presented to the arbitrators. The printed case submitted by plaintiff provides no more than snippets from the arbitration record, and plaintiff has provided us no transcript of the arbitration hearings. Both materiality and substantial prejudice to plaintiff are, therefore, impossible to detect even with an imaginative reading of its brief. See *McLeroy v. Waller*, 21 Ark. App. at 296, 731 S.W.2d at 791 (burden is on appellant to produce record sufficient to demonstrate error). The short excerpt of the contract signed by the parties and included in defendant's printed case allows, in section 14.2.1, for payments to the subcontractor (defendant) upon failure to perform, where "the unpaid balance of the Contract Sum exceeds the expenses of finishing the Work." Pursuant to this provision the trial court might reasonably decide that evidence of defendant's fault was not relevant.

Plaintiff also fails to demonstrate that defendant's inability to enter the job site was material or that failure to consider evidence of the injunction order caused it substantial prejudice. This issue most likely arose in the context of breach or failure to allow defendant an opportunity to correct the breach, but we will not speculate as to the basis of its relevance. While plaintiff may claim that it suffered prejudice if it had to pay a penny to defendant, the amount awarded to defendant falls more than twenty thousand dollars short of the cost of its labor and materials of the work allegedly completed.

Plaintiff also did not demonstrate that defendant's failure to complete the work was not before the arbitrators through other evidence. The restraining order may have been cumulative evidence on the fact of appellee's nonperformance. See *Estate of Laitinen*, 145 Vt. at 159, 483 A.2d at 268–69 (improper exclusion of evidence is harmless if it can be shown that it was admitted in another form). Plaintiff did not provide any part of the arbitration transcript to show that arbitrators considered defendant's performance to be in full or substantial compliance with the contract or that evidence was entered

contrary to the fact of defendant's noncompletion. The trial court's determination of the materiality of the evidence excluded at arbitration was within its discretion, and no abuse of that discretion is evident on appeal.

*Affirmed.*