## Springfield Teachers Association, Vermont-NEA & Joseph Roy v. Springfield School Directors

[705 A.2d 541]

No. 96-349

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Allen, C.J. (Ret.),
Specially Assigned**

Opinion Filed October 10, 1997

*Donna Watts*, Montpelier, for Plaintiffs-Appellees.

*Georgiana O. Miranda* and *Glenn C. Howland* of *McKee, Giuliani & Cleveland, P.C.*, Montpelier, for Defendant-Appellant.

**Dooley, J.** This is an appeal by defendant Springfield Board of School Directors from a superior court decision confirming an arbitration award and payment of back wages to plaintiff Joseph Roy. On appeal, the board argues that (1) the superior court lacked jurisdic-

tion because the arbitration award was not final; (2) the court improperly granted summary judgment; (3) the court improperly rejected its affirmative defenses; and (4) the court erred in dismissing the board's counterclaim. We affirm in part, and vacate and remand in part.

Roy was hired by defendant in 1990 for one year to teach vocationally oriented courses in the Occupational Development Program (ODP), a special education program at Springfield High School. His full-time position was created by merging two half-time positions, one of which was a temporary vacancy created by a leave of absence. Roy was not licensed to teach special education courses, and defendant's superintendent obtained a special waiver so Roy could teach for a year.

After Roy received his certificate to teach special education courses, he accepted a contract to teach again for the 1991-92 school year. During that year, the superintendent notified Roy that the position would not be available thereafter because the leave of absence of the half-time teacher was ending and the other half-time position was being eliminated. However, an ODP teacher, who was teaching academic courses, announced her resignation and created a vacancy. Roy applied for the vacancy, but was found unqualified because he could not perform student assessments and had limited skills in math and other academic subjects.

Roy grieved the decision not to hire him for the ODP vacancy, arguing that he had reduction-in-force (RIF) rights to be offered available alternative positions and that he was qualified for the ODP position. Although he continued to pursue his grievance, he was thereafter offered a half-time position for the 1992-93 school year, which he accepted. On August 12, 1993, he resigned this position and moved away, authorizing the Springfield Teachers Association and the Vermont-National Education Association, hereinafter referred to together as VT-NEA, to continue to pursue the grievance. VT-NEA chose to continue the grievance because it believed the board had attempted to avoid RIF rights in this and other cases by using one-year employment contracts in violation of the collective bargaining agreement.

The grievance was arbitrated on September 22, 1993. The issues at arbitration were (1) whether the grievance was arbitrable, and if so, (2) whether the board had violated its master agreement with VT-NEA when it refused to offer Roy the full-time position. On December 20, 1993, the arbitrator issued her award, finding that the

grievance was arbitrable, reinstating Roy to a full-time position with full seniority, and ordering that Roy be made "whole for earnings lost." The arbitrator made no earnings calculation, nor did she specifically retain jurisdiction until the parties did so.

The parties agreed to delay Roy's reinstatement until the 1994-95 school year. They were unable, however, to agree on the amount of back wages to be paid him. On June 13, 1995, Roy and VT-NEA filed an application to confirm the arbitration award in Windsor Superior Court, seeking enforcement of the back pay provision of the arbitrator's award. The application acknowledged that Roy had been reinstated and stated that he had presented an accounting of his lost wages and benefits but the board had refused to pay the back wages owed. In its reply, the board raised numerous affirmative defenses and filed a counterclaim claiming that although Roy had accepted reinstatement and signed a contract to teach for the 1994-95 school year, he had breached his contract by refusing to teach. On June 20, 1996, the Windsor Superior Court granted plaintiffs' application, entered judgment for Roy in the amount of $32,306, and dismissed defendant's affirmative defenses and counterclaim. The board appeals these determinations.[1]

The board's main argument is that the arbitration award cannot be enforced because it did not reduce the back pay award to a specific amount, and therefore, was not final. In addressing this point, we start with our policy toward arbitration awards and a review of the applicable law.

"Vermont has a strong tradition of upholding arbitration awards whenever possible." *R.E. Bean Constr. Co. v. Middlebury Assocs.*, 139 Vt. 200, 204, 428 A.2d 306, 309 (1980). This Court has long recognized the importance of arbitration as an alternative to litigation for the efficient resolution of disputes. See *In re Robinson/Keir Partnership*, 154 Vt. 50, 53, 573 A.2d 1188, 1189 (1990). If courts were permitted to broadly question the determinations of an arbitrator, then arbitration

---

[1] The board contends that VT-NEA lacked standing to move to confirm the arbitration award and that Joseph Roy was not a party. This contention was based on the identification of plaintiffs' counsel under the signature line as "Donna M. Watts, Attorney for Plaintiff Vermont-NEA, 10 Wheelock Street, Montpelier, VT 05602-3737." The board reads this line as meaning that counsel represented only VT-NEA.

The board's reading is too narrow. The title to the application indicates it was brought in the name of Joseph Roy and VT-NEA. These names also appear immediately above the signature line. It is clear that counsel represents both these parties, and the information under the signature line represents counsel's office address.

would become merely "another expensive and time consuming layer to the already complex litigation process." *R.E. Bean Constr. Co.*, 139 Vt. at 204-05, 428 A.2d at 309. Instead, the trial court should, in effect, act "'as an appellate tribunal with a limited scope of review.'" *Matzen Constr., Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 177, 565 A.2d 1320, 1322 (1989) (quoting *Wayne Insulation Co. v. Hex Corp.*, 534 A.2d 1279, 1281 (D.C. 1987)).

▮ This case is governed by the Vermont Arbitration Act (VAA), 12 V.S.A. §§ 5651-5681, which is based on the Uniform Arbitration Act, see 7 U.L.A. 6 (1997). Under the VAA, a court shall confirm an arbitration award unless grounds are established to vacate or modify it. See 12 V.S.A. § 5676; *Matzen Constr.*, 152 Vt. at 177, 565 A.2d at 1322. The grounds for vacating or modifying arbitration awards are limited by statute. See 12 V.S.A. §§ 5676-5678. We will not review the arbitrator's decision for errors of fact or law, see *Muzzy v. Chevrolet Div., General Motors Corp.*, 153 Vt. 179, 184, 571 A.2d 609, 612 (1989), but rather we will confine our review to (1) whether there exist statutory grounds for vacating or modifying the arbitration award, and (2) whether the parties were afforded due process. See *Matzen Constr.*, 152 Vt. at 177, 565 A.2d at 1322.

The VAA does not state that an award must be final to be confirmed. Nevertheless, we have required finality in similar contexts, see *In re Central Vt. Ry.*, 148 Vt. 177, 178, 530 A.2d 579, 580 (1987); *In re Estate of Webster*, 117 Vt. 550, 552, 96 A.2d 816, 817 (1953), and courts applying statutes taken from the Uniform Arbitration Act have required finality. See *Harris v. Allied American Ins. Co.*, 504 N.E.2d 151, 152 (Ill. App. Ct. 1987).

▮ The arbitrator's award in this case was as final as it could be. It was impossible to know when Roy would be reinstated and how much back pay would be due at that time. More important, Roy acknowledged that he would have to offset the employment income he actually received during the period he was deprived of the teaching position by defendant, and the amount of that income was not before the arbitrator. The arbitrator probably expected that once she rendered a decision the parties would agree on the back pay amount.

On the other hand, we cannot accept the trial court's conclusion that "all that was left was a simple calculation." In response to the application to confirm the award, defendant answered that Roy had failed to mitigate his damages and there had been no evidence on that point.

We believe the proper resolution of this situation is to sever the award and confirm the arbitrator's decision on the merits, but refer the matter back to the arbitrator for determination of the back pay award. This resolution was adopted by the Supreme Judicial Court of Maine in *Lisbon Sch. Comm. v. Lisbon Ed. Ass'n*, 438 A.2d 239, 245 (Me. 1981), a case with facts virtually identical to those before us. There, the court acknowledged that the trial court could make the calculation if it involved "the mere carrying out of a ministerial act in accordance with a clear formula," *id.*; see 12 V.S.A. § 5678(b)(1) (court may modify award if it is based on "evident miscalculation of figures"), but not where the calculation is more than ministerial. *Lisbon Sch. Comm.*, 438 A.2d at 245. It held, however, that the remand need not upset the entire award:

> It is not necessary that the entire award be referred back, however; the finding that the Committee violated the Agreement, and the order of immediate reinstatement may be confirmed and enforced. Severing the award to allow prompt enforcement of the reinstatement order while providing for a definite determination *by the arbitrator* of back pay due is in accord with the principle that the parties bargained for an award of an arbitrator, not of a court, and furthers "the manifest purpose of grievance arbitration as a *final, speedy,* inexpensive dispute settlement mechanism."

*Id.* (quoting *Board of Sch. Directors v. Tri-Town Teachers Ass'n*, 412 A.2d 990, 994 (Me. 1980)). We agree with the reasoning of the Maine Supreme Court. The superior court order in this case confirmed the award of the arbitrator and adopted plaintiffs' proposed back pay award. On this issue, we agree with the confirmation order, but the superior court must remand the matter to the arbitrator to determine the back pay award.

Next, the board argues that any confirmation order cannot stand because the manner in which the application was treated by the court denied it due process of law. Plaintiffs filed an application to confirm the arbitration award in Windsor Superior Court on June 23, 1995 and served it like a complaint. Attached to the application were a number of exhibits, including the arbitrator's decision and tax returns and wage statements in support of plaintiffs' calculation of the back pay demand. Neither the application nor the exhibits were verified.

The board filed an answer to the application with affirmative defenses and a counterclaim on July 14, 1995. On March 7, 1996

plaintiffs filed a memorandum of law in support of their application. In response to defendant's motion for clarification, the court determined that the memorandum would be treated as a motion and directed that defendant respond within fifteen days. The board filed a responsive memorandum on May 20, 1996, and the court issued its decision a month later, characterizing plaintiffs' memorandum as a motion for summary judgment, and granting it. The board generally challenges the procedure used by the superior court, particularly asserting as error the decision to treat plaintiffs' memorandum as a motion for summary judgment without notice to defendant.

■ The VAA provides that "an application to the superior court under this chapter shall be by motion and shall be heard in the manner and upon the notice provided by law or rule for the making and hearing of motions." 12 V.S.A. § 5673(a). By specifying this route for court review, the Legislature clearly intended that judicial intervention would be based on summary procedures.

Our motion practice rules provide for summary procedures. When a written motion is filed, a party opposing it must file a memorandum within fifteen days of the service of the motion, unless otherwise ordered by the court. V.R.C.P. 78(b)(1). The court may dispose of a motion without oral argument. *Id.* 78(b)(2). An opportunity to present evidence must be requested and must be accompanied by a statement of the evidence the party wishes to offer. *Id.; id.* 7(b)(4). The court must honor the request unless it finds from the submissions that there is no genuine issue of material fact. *Id.* 78(b)(2).

The superior court followed the motion rule, giving defendant fifteen days to respond to plaintiffs' application, once it was supported by a memorandum of law. Although plaintiffs requested oral argument, neither they nor defendant requested to submit evidence. See *Concord Gen. Mut. Ins. Co. v. Northern Assurance Co.*, 603 A.2d 470, 472 (Me. 1992) ("A party is not entitled to a testimonial hearing on a motion to vacate or to confirm an arbitration award in the absence of a showing that such a hearing will disclose relevant facts . . . ."). Pursuant to the rule, the court granted plaintiffs' motion without holding oral argument.

This issue is somewhat confused because the board labeled plaintiffs' application as a motion for summary judgment, and the court picked up this erroneous label in its decision. We fail to see how the board was prejudiced by this error. We see no violation of the board's procedural rights under the VAA or our rules, and certainly see no violation of its due process rights.

Next, the board argues that the court should have refused to confirm the award because of the affirmative defenses it raised in its answer to the application. It raised the defenses of estoppel, unclean hands, failure to mitigate damages, lack of arbitrability, inadequate evidentiary support for findings, deprivation of due process of law, vagueness, and waiver, and sought a set-off. Its primary defense was that the arbitrator lacked jurisdiction to issue the award. Before we consider the defenses, we must decide whether defendant has waived them by failing to raise them earlier.

Under the VAA, a court must confirm an arbitration award unless there are grounds to modify or vacate it. 12 V.S.A. § 5676. Thus, the board's affirmative defenses are more properly characterized as grounds for vacating the arbitration award.[2] The Act specifies, however:

> (c) An application to vacate an award shall be made within 30 days after delivery of a copy of the award to the applicant, except that if predicated upon corruption, fraud or other undue means, it may be made within 30 days after such grounds are known or should have been known.

*Id.* § 5677(c). In this case, the board did not move to vacate, or raise its defenses, within thirty days after delivery of a copy of the award, and none of the defenses are based on "corruption, fraud or other undue means." The issue, then, is whether the board may raise the grounds to vacate beyond the thirty-day limit as defenses to a motion to confirm the award.

When interpreting a statute, our goal is to give effect to the intent of the Legislature. See *Lane v. Town of Grafton*, 166 Vt. 148, 151, 689 A.2d 455, 456 (1997). We look to the purpose behind the law and "consider the broad subject matter of the law, its effects and consequences, and the reason and spirit of the law" to determine that purpose. See *id.*

As we noted above, our policy is to uphold arbitration awards whenever possible and to prevent arbitration becoming another layer in the litigation process. The short period allowed by statute for challenging an award implements this purpose. See 1 Domke on Commercial Arbitration § 33:02 (rev. ed. 1996) (short challenge time

---

[2]Because of our disposition, we assume, without deciding, that any of the affirmative defenses the board raised could have been raised in a motion to vacate.

is "necessary to effect the speed and dispatch that is an essential part of the arbitration process"). We would undermine the statutory purpose, and the effectiveness of arbitration, if we held that a party who lost before the arbitrator could raise defenses at any time in response to a motion to confirm. Indeed, the incentive would be to refuse to comply with the arbitration award and to raise defenses as late as possible.

This case is an excellent example of how the legislative purpose can be subverted by the board's approach. The underlying grievance was filed in June of 1992. The arbitrator issued her opinion and award in December of 1993. Because of delays in Roy's reinstatement, the issue of back pay did not come to a head until June 1995. Even without taking evidence, the court took a year to rule on the board's defenses, rendering a decision in July of 1996. Thus, a process that is intended to be speedy and efficient took four years to reach a final decision, without considering the appeal to this Court. As we forewarned in *Bean Construction Co.*, we have reached a point where we now have both arbitration and litigation.

 Courts in states that have adopted the Uniform Arbitration Act have uniformly ruled that a party to arbitration must bring a timely motion to vacate in order to raise grounds to vacate as defenses to confirmation. See, e.g., *Mid-America Regional Bargaining Ass'n v. Modern Builders Ind. Concrete Co.*, 427 N.E.2d 1011, 1013 (Ill. App. Ct. 1981) (collecting cases); *State Dep't of Admin. v. Sightes*, 416 N.E.2d 445, 450 (Ind. Ct. App. 1981). We acknowledge, however, that in language we have not adopted, the Uniform Arbitration Act is more explicit on this point.[3] See Uniform Arbitration

---

[3] Section 11 of the Uniform Arbitration Act provides that:

> Upon application of a party, the Court shall confirm an award, *unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sections 12 and 13.*

(Emphasis supplied.) Section 12(b) provides that a motion to vacate must be made within ninety days after delivery of a copy of the award to the applicant. The VAA, 12 V.S.A. § 5676, does not contain the language underlined above.

Ordinarily, when the Legislature models a statute after a uniform act, but does not adopt particular language, we conclude that the omission was intentional such that the policy of the uniform act was rejected. See *Lemieux v. Tri-State Lotto Comm'n*, 164 Vt. 110, 115, 666 A.2d 1170, 1174 (1995); *Justis v. Rist*, 159 Vt. 240, 244, 617 A.2d 148, 150 (1992). As our discussion in *Justis v. Rist* reflects, this conclusion is not automatic, and we must look at the policy behind the legislation. In this case, because of the purpose of the statute, the effect of the alternative result on implementation of that purpose,

Act § 11 in 7 U.L.A. 6, 264 (1997). Courts interpreting the Federal Arbitration Act have reached the same conclusion. See *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 853-54 (11th Cir.), *cert. denied*, 490 U.S. 1107 (1989) (analyzing cases from all circuits). That statute has wording that is very similar to that of the VAA. Compare 9 U.S.C. § 9[4] with 12 V.S.A. § 5676. We follow the federal decisions and hold that a party may not raise affirmative defenses to an application to confirm an arbitration award unless it does so within the time limit for moving to vacate an arbitration award as specified in 12 V.S.A. § 5677(c).

The board argues that even if there is a time limit for raising affirmative defenses, it does not apply to its claim that the arbitrator exceeded her jurisdiction because that can be raised at any time. See *Boisvert v. Boisvert*, 143 Vt. 445, 447, 446 A.2d 1184, 1185 (1983) (absence of subject-matter jurisdiction may be raised for first time on appeal). The issue here is very similar to that in *In re Denio*, 158 Vt. 230, 234, 608 A.2d 1166, 1168 (1992), where we held that a party could not raise for the first time in this Court the lack of Environmental Board jurisdiction in an Act 250 proceeding. We relied on the absence of any statutory authority for special treatment of jurisdictional claims, adding:

> This omission is significant because for an administrative board of limited jurisdiction virtually any disagreement with its actions can be phrased in jurisdictional terms. . . . [If the appellant prevails], . . . the most important decisions on the scope of Act 250 will be made without involvement of the Board or its expertise.

*Id.* at 235, 608 A.2d at 1169.

■ We think the reasoning of *Denio* applies in this case. The VAA requires that motions to vacate awards be made within thirty days in all cases. See 12 V.S.A. § 5677(c). Indeed, some of the grounds that are specifically subject to the time limit are fairly labeled as jurisdic-

---

and the other available model in the Federal Arbitration Act, we conclude that the Legislature intended the same result as the Uniform Arbitration Act although it did not fully adopt the uniform act's language.

[4] The relevant language of the FAA states that the court must confirm the award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Like the VAA, 12 V.S.A. § 5676, and unlike § 11 of the Uniform Arbitration Act, the language does not have an explicit reference to the time limits applicable to a motion to vacate an award.

tional. See *id.* § 5677(a)(3), (5) (grounds include "the arbitrators exceeded their powers" and "there was no arbitration agreement"). We cannot construe the statute to exempt jurisdictional claims from the time limit. See *Schroud v. Van C. Argiris & Co.*, 398 N.E.2d 103, 105-06 (Ill. App. Ct. 1979).

Moreover, the same considerations discussed in *Denio* apply here. Many of the challenges to an arbitration award can be characterized as jurisdictional. The usefulness of arbitration is undermined if issues can be withheld from the arbitrator and raised for the first time in court long after the arbitration is over. These considerations reinforce our construction of the statute to require that jurisdictional challenges be raised within the statutory time limit for a motion to vacate.

Finally, the board claims that the court erred in dismissing its counterclaim against plaintiff Joseph Roy. In the counterclaim, the board charged that Roy accepted a new position in the ODP on June 24, 1994 and signed a contract, received a paycheck for future work in August, and thereafter resigned without returning the money paid to him.

A counterclaim is a mandatory or optional part of a responsive pleading, filed in response to a complaint. See V.R.C.P. 8(a), 13. The civil rules contain no authorization for filing a counterclaim in response to a motion, and the VAA does not authorize the filing of a counterclaim in response to a motion to confirm an award.

We believe this issue is governed by *Ward v. Ward*, 155 Vt. 242, 247, 583 A.2d 577, 581 (1990), where we held that a divorce defendant could not file a tort counterclaim in response to the divorce complaint. We held that allowing such a counterclaim was inconsistent with the nature of the divorce proceeding, *id.* at 245, 583 A.2d at 579, and that it was impossible to protect the right to trial by jury on the counterclaim and provide expeditious relief in the underlying divorce. *Id.* at 247, 583 A.2d at 581. Similarly, allowing a counterclaim in response to a motion to confirm an arbitration award is inconsistent with the summary procedure the Legislature has established. Further, it would be difficult in such circumstances to ensure expeditious relief to the prevailing party and at the same time protect the procedural rights of the counterclaimant, particularly the right to trial by jury.

■ The court was correct to dismiss the counterclaim. The board is, of course, free to bring a separate action against Joseph Roy if it desires. It may not, however, delay arbitration relief by attempting to

interrelate its separate contract claim with the arbitration confirmation.

*The judgment for lost wages and benefits is vacated and the cause is remanded for remand of that issue in turn to the arbitrator. In all other respects the decision of the Windsor Superior Court is affirmed.*