**TERRACE GROUP et al.**

v.

**VERMONT CASTINGS, INC., et al.**

**No. 98–508–Appeal.**

Supreme Court of Rhode Island.

June 16, 2000.

John D. Deacon, Jr., Providence, for Plaintiffs.

Michael B. Rosenberg, Stephen J. MacGillivary, Mark W. Freel, Providence, for Defendants.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

A Superior Court judgment confirmed an arbitrator's award of attorney's fees to the prevailing party in this case but rejected the prevailing party's request for attorney's fees in connection with the court's confirmation of the award. Both sides have appealed from this judgment. The plaintiffs, Terrace Group, Firebrand LLC, Edward Levine, and Dixon Newbold (collectively plaintiffs), challenge the denial of their request for the attorney's fees they incurred in the proceeding before the Superior Court to confirm the arbitration award. The defendant, Vermont Castings, Inc. (Vermont Castings), contends that the motion justice erred in confirming the arbitrator's award because the arbitrator had no authority under applicable Vermont law to award attorney's fees in favor of the plaintiffs. Following a prebriefing conference, this Court directed the parties to show cause why their appeals should not be summarily decided. Because no such cause has been shown, we proceed to do so at this time.

The plaintiffs are Rhode Island industrial designers and marketing consultants who owned the product rights to a char-

coal-barbecue-grill design. In 1994, plaintiffs and Vermont Castings, a Vermont corporation,[1] entered into a development and royalty agreement in regard to the product rights for plaintiffs' charcoal grill and provided that Vermont law would govern their contract. Vermont Castings agreed to make royalty payments in exchange for using the plaintiffs' charcoal-grill design. According to Vermont Castings, it ultimately decided not to pursue the charcoal-grill project, and instead developed a gas grill. However, plaintiffs claimed that this gas grill incorporated features from the charcoal grill that entitled plaintiffs to royalty payments. Pursuant to their written agreement, the parties submitted the dispute to binding arbitration and selected an arbitrator in Burlington, Vermont, to rule on their respective claims and defenses.

Eventually, the arbitrator issued an award in favor of plaintiffs, finding that Vermont Castings' gas grills were "products" subject to the royalty provisions of the agreement. Consequently, the arbitrator ordered Vermont Castings to pay plaintiffs more than $49,000 in royalty payments. The arbitrator further found that Vermont Castings had acted in bad faith in its defense of plaintiffs' action and in failing to preserve and produce relevant documents. As a result, the arbitrator ordered Vermont Castings to pay plaintiffs' attorney's fees and costs, which amounted to approximately $44,000.

Thereafter, relying upon the contract provisions allowing the prevailing party to confirm the arbitration award in any court of competent jurisdiction, plaintiffs moved to confirm the arbitration award in the Rhode Island Superior Court, and a motion justice granted this motion. In doing so, the court noted that Vermont Castings already had paid the royalty portion of the award, but had refused to pay the attorney's fees portion. The court ruled that the arbitrator did not commit a manifest error of law in awarding attorney's fees because the Vermont Supreme Court in *Appeal of Gadhue*, 149 Vt. 322, 544 A.2d 1151, 1154–55 (1987), had approved of a New Hampshire case, *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617, 619 (1977), upholding an award of attorney's fees for a party's bad-faith conduct. The motion justice, however, denied plaintiffs' request for attorney's fees in pursuing the Superior Court confirmation of the award because Vermont Castings had raised a legitimate issue when it challenged the arbitrator's attorney's-fee award in the proceedings before the court.

■ On appeal, plaintiffs argue that the motion justice erred in refusing to require Vermont Castings to pay for their attorney's fees in connection with the Superior Court confirmation proceedings. The plaintiffs argue that but for Vermont Castings' bad faith, the arbitration and subsequent confirmation litigation would not have occurred. As a result, they contend, they are entitled to attorney's fees for the entire dispute. They also argue that any attorney's fees incurred in securing the right to a previous attorney's-fee award should also be recoverable. Even if a separate judicial finding of bad faith were necessary, they suggest that the hearing justice erred by failing to find that Vermont Castings had acted in bad faith when it challenged the award in the Superior Court action. They further contend that Vermont Castings tried to obtain injunctive relief in a Vermont court even though the agreement clearly gave plaintiffs the right to confirm the award in Rhode Island. The plaintiffs also assert that Vermont Castings acted in bad faith in contesting the confirmation of the award because they lacked any colorable basis to argue that the arbitrator manifestly had disregarded the applicable law. Vermont Castings responds that it raised a legitimate question about whether the arbitrator exceeded his authority in

---

1. The defendant, CFM Majestic, Inc., is the Canadian parent company of Vermont Castings. The defendant, John Doe, Inc., has never been identified.

awarding attorney's fees because no contract provision or Vermont statute authorized such an award. Therefore, it argues, the hearing justice correctly refused to award attorney's fees to plaintiffs for their costs in pursuing the confirmation proceedings because Vermont Castings raised a colorable objection to this aspect of the award.

After reviewing the record, we are of the opinion that the motion justice did not abuse his discretion by denying the plaintiffs' request for attorney's fees incurred during the Superior Court confirmation proceedings. First, plaintiffs had to incur attorney's fees to confirm the award in any event, so it is not as though Vermont Castings' objection to the attorney's fee portion of the award caused plaintiffs to pursue litigation in Rhode Island that they otherwise could have avoided. Second, Vermont Castings raised a justiciable issue of law in contesting whether the arbitrator had the authority under Vermont law to award attorney's fees. No Vermont judicial decision or statute specifically authorized an arbitrator to award attorney's fees for a party's bad-faith conduct during the arbitration. Only by applying *Gadhue* (a case not involving an arbitrator's award of attorney's fees) to an arbitration situation could the arbitrator conclude that Vermont law allowed for an award of attorney's fees in this context. Third, a hearing justice also has the discretion to deny or to reduce a request for attorney's fees incurred in a prevailing party's attempt to collect a previous attorney's-fee award. *See Keogh v. Taubman,* 689 A.2d 1066, 1067 (R.I.1997) (mem.). Here, plaintiffs' right to an award of attorney's fees for this arbitration was unsettled under Vermont law. In such circumstances, plaintiffs were not entitled as a matter of right to a further award of attorney's fees in connection with the confirmation proceedings, and the Superior Court motion justice did not abuse his discretion in declining to grant such a motion.

In regard to the arbitrator's award of attorney's fees to plaintiffs for bad faith, Vermont Castings suggests that the arbitrator acted in excess of his authority in making such an award. The parties' contract provided that "[t]his Agreement and any question concerning its validity, construction or performance shall be governed by the laws of the State of Vermont." "As a general rule, parties are permitted to agree that the law of a particular jurisdiction will govern their transaction." *Sheer Asset Management Partners v. Lauro Thin Films, Inc.,* 731 A.2d 708, 710 (R.I.1999) (per curiam). Vermont Castings notes that under Vermont law, a court must vacate an arbitrator's award if the arbitrator exceeded his power. *See* 12 Vt. Stat. Ann. § 5677 (a)(3) (Cum.Supp.1999). The law of the state chosen by the parties will apply unless the chosen state has no substantial relationship to the parties or the transaction. See *Sheer Asset Management,* 731 A.2d at 710. However, "the procedural law of the forum state applies even if a foreign state's substantive law is applicable." *Israel v. National Board of Young Men's Christian Association,* 117 R.I. 614, 620, 369 A.2d 646, 650 (1977).

The contract's broad language calling for Vermont law to apply to "any question" concerning the validity of the agreement indicates that Vermont law pertaining to the confirmation of arbitration awards should apply to this dispute. Vermont's law on the confirmation of arbitration awards does not appear to be substantially different from Rhode Island law. "Vermont has a strong tradition of upholding arbitration awards whenever possible." *Springfield Teachers Association v. Springfield School Directors,* 167 Vt. 180, 705 A.2d 541, 543 (1997) (quoting *R.E. Bean Constr. Co. v. Middlebury Assocs.,* 139 Vt. 200, 428 A.2d 306, 309 (Vt.1980)). The Vermont Supreme Court "will not review the arbitrator's decision for errors of fact or law * * * but rather [the court] will confine [its] review to (1) whether

there exist statutory grounds for vacating or modifying the arbitration award, and (2) whether the parties were afforded due process." *Springfield Teachers*, 705 A.2d at 544. The Vermont courts shall confirm the award unless grounds are established to vacate or modify it. *See* 12 Vt. Stat. Ann. §§ 5676, 5677, 5678; *Matzen Construction, Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 565 A.2d 1320, 1323 (1989).

Vermont Castings points to 12 Vt. Stat. Ann. § 5677(a)(3) as requiring a reviewing court to vacate the arbitrator's award when the arbitrator exceeds his or her powers. In regard to the Superior Court's confirmation of the arbitration award, Vermont Castings focuses on the arbitrator's lack of equitable power, contending that the arbitrator did not have express statutory authority to award attorney's fees. It also argues that the few instances in which Vermont courts have awarded attorney's fees were pursuant to the courts' equitable power and were confined to the above narrow exceptions.

Our survey of Vermont case law, however, indicates that the Vermont Supreme Court has not squarely decided whether an arbitrator or a Vermont court possesses the authority to award attorney's fees for bad-faith conduct on the part of one party to an arbitration. Under 12 Vt. Stat. Ann. § 5665, an arbitrator "may direct the payment of attorneys' fees if the parties have explicitly authorized the arbitrator to make such an award or if the award is based in whole or in part upon state or federal law which permits recovery of attorney fees." The hearing justice noted that the Vermont Supreme Court in the *Gadhue* case quoted approvingly from sections of a New Hampshire Supreme Court decision that allowed an award of attorney's fees for bad faith. The Vermont court in *Gadhue* quoted *Harkeem* for the proposition that "an award of counsel fees on the basis of bad faith is appropriate." *Gadhue*, 544 A.2d at 1154 (quoting *Harkeem*, 377 A.2d at 619). The *Gadhue* court also quoted the *Harkeem* court's comment

that "[b]ad faith conduct held to justify the award of counsel fees has been found where one party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons' where the litigant's conduct can be characterized as unreasonably obdurate or obstinate * * *." *Gadhue*, 544 A.2d at 1155 (quoting *Harkeem*, 377 A.2d at 619). Although neither of these cases concerned an arbitrator's award of attorney's fees, the *Gadhue* case does suggest that Vermont law "permits recovery of attorneys fees" for bad-faith conduct of one of the parties. 12 Vt. Stat. Ann. § 5665. If so, then an arbitrator "may direct the payment of attorney fees." *Id.*

As a result, we conclude that Vermont Castings has failed to demonstrate that the arbitrator manifestly disregarded Vermont law in awarding attorney's fees to the plaintiff. No illegality appears plainly on the face of the award. Indeed, Vermont law would seem to empower arbitrators to award attorney's fees because the *Gadhue* decision indicates that the Vermont Supreme Court would allow an award of attorney's fees for the bad-faith conduct of a party in arbitration. Therefore, it does not appear that the arbitrator exceeded his powers in awarding attorney's fees for bad-faith conduct because it was based upon state law "which permits the recovery of attorney fees." 12 Vt. Stat. Ann. § 5665. Moreover, other jurisdictions also have found that arbitrators possessed the authority to award attorney's fees for misconduct in the discovery process, as the arbitrator asserted in this case. *See, e.g., Pisciotta v. Shearson Lehman Brothers, Inc.*, 629 A.2d 520, 524–25 (D.C.App.1993).

Based on the above case law, we hold that the motion justice correctly confirmed the arbitration award because the arbitrator did not commit a clear error of law in awarding attorney's fees. We also conclude that the motion justice properly exercised his discretion to deny the plaintiffs' request for attorney's fees in connection with the Superior Court confirmation pro-

ceedings because Vermont Castings raised a justiciable issue of unsettled Vermont law when it challenged the propriety of the fee award by the arbitrator. Unlike the cases relied upon by the plaintiffs, this was not a case in which, under settled law, they were clearly entitled to an award of attorney's fees and then had to litigate further to uphold that award. Therefore, we deny the parties' respective appeals and affirm the Superior Court's judgment.