2012 VT 83

## Michael Bandler and Michael Bandler and Company, Inc. n/k/a MB & Co., Ltd. v. Charter One Bank n/k/a Citizens Bank

[59 A.3d 157]

No. 11-249

Present: Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.

Opinion Filed October 5, 2012

*Andrew D. Manitsky* of *Gravel and Shea PC*, Burlington, for Plaintiffs-Appellants.

*Tavian M. Mayer* of *Mayer & Mayer*, South Royalton, for Defendant-Appellee.

¶ 1. **Robinson, J.** This case presents the question of whether the superior court has authority to review questions regarding arbitrability in the midst of an arbitration, and outside of the specific review provisions in the Vermont Arbitration Act (VAA). We conclude that it does not, and reverse the superior court's ruling concerning the arbitrability of class claims in this case.

¶ 2. In July 2003, Michael Bandler and Michael Bandler & Company, Inc., (collectively "Bandler") sued Charter One in

Rutland Superior Court for various claims based primarily on Charter One's alleged failure to honor advertising promises and other representations in connection with Bandler's checking account at Charter One.[1] Charter One moved to dismiss the case on the ground that Bandler had failed to exhaust his contractual remedy of arbitration before the American Arbitration Association (AAA) as required by Bandler's depositor agreements with Charter One. The trial court granted Charter One's motion to dismiss and indicated that the parties should arbitrate Bandler's claim as agreed by contract. The trial court issued a final judgment in favor of Charter One in November 2003, and subsequently denied Bandler's post-judgment motions for relief.

¶ 3. In November 2004, Bandler made a demand to Charter One to arbitrate under the arbitration clauses in his depositor agreement with Charter One, thereby initiating an arbitration proceeding before the AAA. Bandler's initial arbitration demand did not include any class-based claims.

¶ 4. In September 2005, Bandler filed with the AAA a motion to amend the arbitration demand to include a class-action demand; in particular, he sought to include within the arbitration the claims of all persons who opened "free checking" or other specified accounts with Charter One and subsequently incurred various charges. Bandler supported his motion with a lengthy brief arguing that the arbitration clause in the agreement between him and Charter One was silent as to the availability of class arbitration, and that he was entitled to a construction of the clause that permitted class arbitration. Charter One opposed the motion, and filed a brief of its own arguing that the clause did not permit class arbitration.

¶ 5. In September 2006, the arbitrator issued an order entitled "Class Action, Clause Construction Partial, Final Arbitration Award," (clause construction award) in which he concluded that the arbitration clause in Bandler's agreement with Charter One "permits the arbitration to proceed on behalf of a class within the meaning of Section 3 of the American Arbitration Association's Supplementary Rules for Class Arbitrations." The arbitrator con-

---

[1] The arbitrator subsequently dismissed Michael Bandler's individual claim and later substituted MB & Co., Ltd. for Michael Bandler & Co., Inc. We use the identifier "Bandler" to identify any and all of these entities without distinction among them, and from now on refer to Bandler's claims and agreements with Charter One in the singular.

cluded that the arbitration clause in question "does not expressly forbid and, in fact, is wholly consistent with class arbitration," and construed any ambiguity in a manner permitting class arbitrations. The arbitrator drew liberally from a 2003 case in which the United States Supreme Court considered whether an arbitration agreement, silent as to class arbitration, permitted class arbitration. See *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003). Upon issuing the order, pursuant to Rule 3 of the American Arbitration Association's Supplementary Rules for Class Arbitrations (as effective Oct. 8, 2003), the arbitrator notified the parties that he was staying the matter for thirty days from the date of the award "to permit the parties to move a court of competent jurisdiction to confirm or vacate the Clause Construction Award." Neither party went to court to confirm or vacate the clause construction award, and the parties proceeded with the arbitration process.[2]

¶ 6. In June 2009, the United States Supreme Court granted certiorari in a Second Circuit case addressing whether class arbitration is available under the Federal Arbitration Act where an arbitration agreement is silent concerning class arbitration. *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85 (2d Cir. 2008), *cert. granted*, 557 U.S. 903 (2009). Charter One moved to stay the AAA proceeding on the ground that the Supreme Court's decision to grant certiorari in *Stolt-Nielsen* called into question the viability of *Green Tree Financial*, upon which the arbitrator had relied in the clause construction award. Over Bandler's opposition, the arbitrator granted the stay "in the interest of cost efficiency since the outcome of *Stolt-Nielsen* could well have a significant impact on the future conduct of this arbitration."

---

[2] The AAA Rules for Class Arbitration include two provisions allowing for interlocutory judicial review of an arbitrator's decisions concerning class arbitration. Rule 3 provides for a stay of proceedings after the clause construction award to allow parties to file motions in court to confirm or vacate. If an arbitrator concludes that a dispute is subject to class arbitration, the arbitrator must then determine whether class arbitration is appropriate based on a set of standards similar to those in Federal Rule of Civil Procedure 23 concerning class-action proceedings in court, which includes an additional requirement that all members of the proposed class have signed substantially similar arbitration agreements. Supplementary Rules for Class Arbitration, Rule 4. Like Rule 3, Rule 5 provides for a stay of arbitration proceedings for at least thirty days after the "class determination award" to allow for motions to confirm or vacate the award in court.

¶ 7. The Supreme Court's decision in *Stolt-Nielsen*, issued in April 2010, potentially affected the analysis of the arbitrability of the class claims in this case. See 559 U.S. 662, 130 S. Ct. 1758 (2010). The majority in *Stolt-Nielsen* emphasized that although a majority in *Green Tree Financial* agreed on the disposition of that case, no single legal proposition supporting that result enjoyed the support of a majority of the justices. *Id.* at 679, 130 S. Ct. at 1772. In *Stolt-Nielsen*, a majority of the justices did support several legal propositions. First, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 684, 130 S. Ct. at 1775. Second:

> An implicit agreement to authorize class-action arbitration . . . is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate. This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator.

*Id.* at 685, 130 S. Ct. at 1775. The Court concluded that "the differences between bilateral and class-action arbitration are too great for arbitrators to presume, consistent with their limited powers under the FAA, that the parties' mere silence on the issue of class-action arbitration constitutes consent to resolve their disputes in class proceedings." *Id.* at 687, 130 S. Ct. at 1776. The Court stopped short, however, of addressing the question of what contractual basis might support a finding that the parties agreed to authorize class-action arbitration, since in *Stolt-Nielsen* the parties had stipulated that there had been "no agreement" on the issue of class-action arbitration. *Id.* at 687 n.10, 130 S. Ct. at 1776 n.10.

¶ 8. Even though the arbitrator had specifically stayed the arbitration to allow for consideration of the Supreme Court's anticipated ruling in *Stolt-Nielsen*, following the Court's decision, Charter One did not return to the arbitrator to request reconsideration of its clause construction award in light of *Stolt-Nielsen*. Instead, it filed a motion to dismiss in Rutland Superior Court in May 2010 under the caption of the case the court had previously dismissed. Charter One argued that the arbitrator had, in 2006, improperly considered the question of class arbitration in

the first place, and had wrongly concluded, on the ground that the arbitration clause did not expressly prohibit class arbitration, that class arbitration could proceed.

¶ 9. In response to Charter One's filing, Bandler's counsel wrote the Rutland Superior Court clerk to request that the court take no action on the motion. Bandler argued that the court had entered a final judgment dismissing Bandler's original lawsuit, that the AAA had ongoing jurisdiction over the case, and that there was no actual matter pending before the Rutland Superior Court. The court set the matter for hearing, and Bandler's counsel entered a limited appearance for the purpose of participating in the proceedings concerning the motion to dismiss, but without prejudice to Bandler's position that there was no active case pending in the Rutland Superior Court for which a notice of appearance could be entered, nor for which relief could be granted.

¶ 10. At the hearing, Bandler reiterated his position that the court did not have authority to revive a long-closed court docket in the midst of the ongoing arbitration for the purpose of revisiting the arbitrator's clause construction award. He specifically argued that neither party had moved to vacate or affirm the clause construction award when it was initially issued, that the arbitrator had stayed the arbitration proceedings pending the Supreme Court's ruling in *Stolt-Nielsen* at the behest of Charter One, and that the superior court had no basis at that juncture for stripping the AAA of its jurisdiction over the case.

¶ 11. The trial court granted Charter One's motion to dismiss the clause construction award and vacated that ruling by the arbitrator. Its opinion focused on analysis of the impact of *Stolt-Nielsen* on the question of the arbitrability of class-action claims in this case. With respect to the threshold question of its authority to step into the matter at that stage, the court concluded that, just as the Supreme Court in *Stolt-Nielsen* had reviewed a clause construction award following the arbitrator's ruling, it could do the same in this case. The court acknowledged that the VAA requires that a motion to vacate an award be made within thirty days after the award, but indicated that the parties had not specifically raised and had therefore waived any argument on that basis. Having vacated the arbitrator's award allowing Bandler the opportunity to pursue class-based arbitration, the court directed the parties to proceed with their bilateral arbitration with the AAA. Bandler appealed.

¶ 12. On appeal, Bandler argues that the clause construction award does not qualify as an "award" subject to judicial review under the VAA and that if it were subject to a motion to vacate, Charter One failed to file such a motion within thirty days of the award. Charter One argues that it is not seeking to vacate an "award," but is raising a general challenge to the arbitrator's jurisdiction. Both parties make arguments about the impact of *Stolt-Nielsen* on the arbitrability of the class claims in this case.

¶ 13. Before considering the impact, if any, of *Stolt-Nielsen*, we must first consider the threshold question: Did the trial court properly assert authority to dismiss the clause construction award in response to Charter One's May 2010 motion?

¶ 14. The VAA sets forth the circumstances under which Vermont courts are authorized to take action with respect to matters subject to arbitration. In particular, a court may issue orders to compel or stay arbitration; to appoint arbitrators and enforce subpoenas; to direct arbitrators to proceed with proceedings or to make an award; to confirm, vacate or modify an award; and to enter judgment on an award. 12 V.S.A. § 5671. Except under a narrow set of circumstances not applicable here, a party seeking judicial intervention to vacate an arbitral award must file with the court a motion to vacate within thirty days of delivery of the arbitration award. *Id.* § 5677(c). The statutory grounds for vacating an arbitration award include, among other bases, the arbitrators exceeding their authority and the absence of an agreement to arbitrate. *Id.* § 5677(a)(3), (5).[3]

¶ 15. Charter One disavows any reliance on this provision of the VAA in connection with its request that the trial court dismiss the arbitrator's clause construction award. Because it filed its motion with the court more than three years after the arbitrator's award concerning the arbitrability of the class claims, a motion to vacate pursuant to § 5677 would have fallen well outside of the thirty day window § 5677 provides for vacatur motions, assuming for the sake of argument that a clause construction award is subject to a motion to vacate. See, e.g., *La. Health Serv. Indem. Co. v. Gambro A B*, 756 F. Supp. 2d 760, 765 (W.D. La. 2010) (following

---

[3] We do not consider the potential impact, if any, of the FAA on the specific issue before us. Neither party invoked the FAA, the trial court relied solely upon the VAA in analyzing this case, and the framework for judicial involvement in matters subject to arbitration under the FAA is similar to Vermont's framework under the VAA.

*Stolt-Nielsen* decision, trial court was powerless to hear party's objection to arbitration panel's pre-*Stolt-Nielsen* clause construction award allowing class arbitration proceedings because party had failed to file motion to vacate clause construction award within ninety day period prescribed by Federal Arbitration Act); *West Cnty. Motor Co. v. Talley*, No. 4:10CV01698 AGF, 2011 WL 4478826, at *3 (E.D. Mo. Sept. 27, 2011) (same).[4]

¶ 16. Charter One does not identify any alternate statutory hook in the VAA to support its motion to the superior court. Instead, it argues that it did not *seek to vacate an award* at all; rather, it sought to raise before the court a challenge to the arbitrator's "subject-matter jurisdiction." Charter One argues that the superior court has continuing jurisdiction over pending arbitrations, and therefore has continuing legal authority to entertain motions challenging the arbitrator's rulings concerning arbitrability. The question presented, then, is whether the superior court had unfettered authority to, at any time, consider and rule on the arbitrability of class claims arising in the arbitration between Bandler and Charter One independent of the statutory provisions for judicial review in the VAA.

¶ 17. We have previously rejected such a suggestion. In *Springfield Teachers Ass'n v. Springfield School Directors*, a school board raised various affirmative defenses to a teachers association's motion to confirm an arbitration award in the association's favor. 167 Vt. 180, 187, 705 A.2d 541, 545 (1997). One of the school board's defenses was based on its claim that the subject of the arbitrator's ruling was not arbitrable. Lack of arbitrability — whether articulated as a claim that an arbitrator exceeded his or

---

[4] Charter One argues, and the trial court found, that Bandler waived any claim that Charter One's motion was untimely because Bandler failed to specifically cite the thirty day time limit on motions to vacate in § 5677 before the trial court. However, Bandler consistently objected to Charter One's failure to identify *any* basis for invoking the trial court's authority in the midst of the arbitration proceeding. Given that Charter One never pointed to § 5677 as a potential source of the court's authority, and to this day maintains that it is *not* seeking to vacate the arbitrator's order pursuant to § 5677, Bandler cannot be faulted for not specifically invoking the thirty day time limit applicable to vacatur motions. Plus, twice during the hearing on Charter One's motion, Bandler did specifically argue that neither party had moved to vacate or affirm the clause construction agreement when it was initially issued. For these reasons, we reject the suggestion that Bandler waived the argument that Charter One cannot rely on § 5677 as a basis for its appeal to the superior court because it failed to timely move to vacate the arbitrator's clause construction award.

her authority or as a claim that the parties did not ever agree to arbitrate a particular matter — is a basis for vacating an arbitration award pursuant to § 5677, and the school board had failed to file a motion to vacate within the thirty-day time period prescribed in § 5677(c). The board argued that the time limit for seeking to vacate the arbitrator's decision did not apply to its claim that the arbitrator exceeded her jurisdiction because a challenge to the arbitrator's underlying jurisdiction can be raised at any time.

■ ¶ 18. We disagreed. Noting that some of the listed grounds to vacate arbitration awards that were expressly subject to the statutory time limit in § 5677(c) could be fairly characterized as jurisdictional, we could not construe the statute to exempt such jurisdictional challenges from the statutory time limit. *Id.* at 190, 705 A.2d at 547 (citing *Schroud v. Van C. Argiris & Co.*, 398 N.E.2d 103, 105-06 (Ill. App. Ct. 1979)). In addition, we turned to an analogous case in which we held that a party could not raise for the first time in this Court a challenge to the Environmental Board's jurisdiction in an Act 250 case. *Id.* at 189-90, 705 A.2d at 547 (citing *In re Denio*, 158 Vt. 230, 234, 608 A.2d 1166, 1168 (1992)). In *Denio*, we had noted the lack of any statutory authority for special treatment of jurisdictional claims, and had concluded that the omission was significant "because for an administrative board of limited jurisdiction virtually any disagreement with its actions can be phrased in jurisdictional terms." 158 Vt. at 235, 608 A.2d at 1169. In *Springfield Teachers Ass'n* we concluded that many of the same considerations discussed in *Denio* apply in the context of arbitration. In particular, "[m]any of the challenges to an arbitration award can be characterized as jurisdictional." 167 Vt. at 190, 705 A.2d at 547. We concluded that "[t]he usefulness of arbitration is undermined if issues can be withheld from the arbitrator and raised for the first time in court long after the arbitration is over." *Id.*

¶ 19. Other courts have reached the same conclusion analyzing both the statutory language and the underlying purposes of similar arbitration statutes. See, e.g., *New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 429-31 (Tex. App. 2010) (rejecting argument that decision of arbitrator that exceeds scope of arbitration agreement is void and unenforceable even if aggrieved party fails to timely file motion to vacate pursuant to Texas General Arbitration Act, and noting that contrary view would

undermine the benefits of arbitration as "an efficient, economical system for resolving disputes" (quotation omitted)); see also *Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176-78 (4th Cir. 2007) (affirming district court's confirmation of arbitration award despite party's claim that arbitrator lacked authority to issue the award where party had failed to timely move to vacate arbitrator's award pursuant to Federal Arbitration Act); *MBNA Am. Bank, N.A. v. Hart*, 710 N.W.2d 125, 129 (N.D. 2006) (pursuant to North Dakota Arbitration Act, trial court properly refused to consider objection to motion to confirm arbitration order based on claim that there was no valid arbitration agreement where objector had failed to timely move to vacate the arbitrator's order); *Local 589, Amalgamated Transit Union v. Mass. Bay Transp. Auth.*, 491 N.E.2d 1053, 1055-57 (Mass. 1986) (rejecting claim that challenges to arbitrator's jurisdiction may be made at any time, and are not limited by the time limit for motions to vacate an arbitrator's decision, and recognizing that a contrary rule would undermine the goal of reasonably promptly imbuing the arbitration award with finality).

¶ 20. The specific procedural postures of these various cases are different from this one: the cases cited above involved challenges to arbitrators' authority raised in response to attempts to confirm or enforce arbitrators' awards, and this case involves a freestanding motion to the superior court to dismiss a claim found arbitrable by the arbitrator. However, the reasoning underlying our decision in *Springfield Teachers Ass'n*, as well as the persuasive analysis of other jurisdictions that have considered the issue, applies with equal force in this context. Vermont courts may consider the authority conferred on an arbitrator by an enforceable arbitration agreement in the ways provided by the VAA. We do not recognize any separate, free-floating judicial authority to intervene in arbitration matters for the purpose of reviewing an arbitrator's assertion of "jurisdiction" apart from the specific authority outlined in that law.

¶ 21. The cases relied upon by Charter One do not support its position. First, Charter One cites an unpublished three-justice opinion in which we held that a trial-court order compelling arbitration is not immediately appealable pursuant to the VAA. *Brown v. Citation Mobile Homes, Inc.*, No. 2002-303, 2002 WL 34422297 (Vt. Dec. 19, 2002) (unpub. mem.), http://www.vermontjudiciary. org/d-upeo/upeo.aspx. The analysis in that opinion reinforces our

holding today. Although the Court acknowledged that a civil action is stayed if a motion to compel arbitration has been made, and that the trial court retains jurisdiction over the case through the arbitration, the opinion specifically ties the trial court's ongoing authority during arbitration to the matters expressly enumerated in the VAA. *Id.* at *2. In addition, even though the appellants in that case challenged the arbitrator's authority, we declined to entertain the appeal; we followed the letter and spirit of the VAA and directed the appellants to litigate their claims, including their challenges to the arbitrator's jurisdiction, before the arbitrator, noting that they could seek appellate review of the arbitrator's decision following the arbitrator's award. Nothing in the *Brown* opinion suggests that courts are authorized to consider challenges to an arbitrator's jurisdiction at any time; if anything, the opinion reinforces the notion that the VAA determines the time and manner of courts' review of challenges to an arbitrator's jurisdiction.

¶ 22. Likewise, *Lamell Lumber Corp. v. Newstress International, Inc.* does not support the proposition that the superior court may intervene to rule on the scope of an arbitrator's jurisdiction at any time during an arbitration. 2007 VT 83, 182 Vt. 282, 938 A.2d 1215. In April 2003, Lamell Lumber sued Newstress on the basis of alleged defects in a kiln designed and constructed for Lamell Lumber by Newstress. In its answer, Newstress listed among its affirmative defenses the arbitration clause in the agreement between the parties. However, Newstress took no further action to enforce the arbitration clause, and actively participated in discovery and court proceedings. In July 2005, a month before the jury draw, and over two years after Lamell Lumber filed suit, Newstress filed a motion for summary judgment arguing that the arbitration agreement deprived the court of its jurisdiction. The trial court ruled that it did retain its jurisdiction notwithstanding the arbitration clause, and that Newstress had waived its right to enforce the agreement to arbitrate. We affirmed, explaining that an arbitration agreement is a creature of *contract*, and as such may be waived by a party. 2007 VT 83, ¶ 9. Nothing in *Lamell* supports Charter One's suggestion that a trial court has authority to rule on the arbitrator's jurisdiction at any time, notwithstanding the clear framework of the VAA.

¶ 23. For the above reasons we conclude that the trial court improperly considered the merits of Charter One's motion to

dismiss without any statutory basis in the VAA to warrant the court's intervention at that time.[5]

*Reversed and remanded, and the superior court is directed to dismiss Charter One's motion to dismiss.*

---

[5] Because we conclude that the arbitrator's decision on the arbitrability of class claims is not subject to judicial review during the pendency of the arbitration under the VAA, we need not decide whether the U.S. Supreme Court's analysis in *Stolt-Nielsen* applies to the arbitrability decision in this case, nor whether, if so, the analysis would lead to a different outcome.